THE STATE EX REL. SAPP ET AL. *v.* FRANKLIN
COUNTY COURT OF APPEALS ET AL.

[Cite as *State ex rel. Sapp v. Franklin Cty. Court
of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637.]

(No. 2008–0573—Submitted May 20, 2008—Decided May 23, 2008.)

**Per Curiam.**

{¶ 1} This is an original action for a writ of prohibition to prevent a court of appeals from proceeding in an appeal and a writ of mandamus to compel the court of appeals to dismiss the appeal. Because the court of appeals patently and unambiguously lacks jurisdiction to proceed in the appeal pursuant to R.C. 2323.52(F)(2) and (I), we grant the requested extraordinary relief.

Vexatious–Litigator Judgment

{¶ 2} Relators, F. William Sapp and Paul Liu, are two of several defendants in *Berman v. Liu*, Franklin C.P. case No. 06CVH12–16617, a case filed by respondent Larry Berman in the Franklin County Court of Common Pleas. On November 27, 2007, the common pleas court entered a final order granting summary judgment in favor of Sapp, Liu, and another defendant and declaring Berman to be a vexatious litigator.

{¶ 3} In its judgment entry, the common pleas court prohibited Berman from:

{¶ 4} "(a) instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, county court, or court of appeals; and

{¶ 5} " * * *

{¶ 6} "(c) making any application, other than an application for leave to proceed under Revised Code 2323.52(F), in any legal proceedings instituted by Plaintiff or another person in the court of claims or in a court of common pleas, municipal court, county court, or court of appeals."

Berman's Appeal Without Leave of Court

{¶ 7} On November 30, 2007, without first seeking permission from the court of appeals to institute an appeal, Berman filed a notice of appeal from the common

pleas court's judgment. Sapp filed a motion to dismiss the appeal, and Berman then filed a motion for leave to proceed on January 18, 2008, more than 30 days after the November 27 judgment he sought to appeal. Four days later, Berman filed another motion for leave to proceed. Liu subsequently filed a motion to dismiss the appeal.

{¶ 8} The court of appeals denied the motions to dismiss. The court of appeals reasoned as follows:

{¶ 9} "Sapp seeks to prohibit Berman from appealing the determination that he is a vexatious litigator by pointing to the fact that he has been declared a vexatious litigator, the very issue Berman is attempting to appeal. His reliance on *Farley v. Farley*, Franklin App. No. 99AP–1103, 2005-Ohio-3994, 2005 WL 1840204, to support this position is misplaced. In that case, the appellant had previously been declared a vexatious litigator. He subsequently attempted to file a contempt motion in this court without first obtaining leave to proceed. We dismissed the motion due to the appellant's failure to obtain leave to proceed before filing the motion. *Farley* did not involve an appeal from a trial court's initial determination of an individual as a vexatious litigator, as Berman attempts to do in this appeal.

{¶ 10} "Although filed after his notice of appeal, Berman did file a request for leave to proceed with this appeal pursuant to R.C. 2323.52(F)(2). Because Berman is seeking to appeal, among other things, his initial declaration as a vexatious litigator, we are satisfied that this proceeding is not an abuse of process and that reasonable grounds exist for this appeal. Accordingly, we deny Sapp's motion to dismiss and grant Berman's request for leave to proceed pursuant to R.C. 2323.52(F)(2). The appeal shall proceed in accordance with local and appellate rules."

### Prohibition and Mandamus Action

{¶ 11} On March 21, 2008, Sapp and Liu filed this action for a writ of prohibition to prevent the court of appeals from exercising further jurisdiction over Berman's appeal and a writ of mandamus to compel the court of appeals to dismiss the appeal. Sapp and Liu also named Berman as a respondent. The court of appeals filed an answer, and Berman made a special appearance to challenge jurisdiction. Relators then filed a motion for judgment on the pleadings, and the court of appeals filed a memorandum in opposition.

{¶ 12} This cause is now before the court for our S.Ct.Prac.R. X(5) determination.

### The S.Ct.Prac.R. X(5) Standard

{¶ 13} We must now determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. Dismissal, which respondents request, is re-

quired if it appears beyond doubt, after presuming the truth of all material factual allegations of relators' complaint and making all reasonable inferences in their favor, that they are not entitled to the requested extraordinary relief in prohibition and mandamus. *State ex rel. Mason v. Burnside,* 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 8.

{¶ 14} If, however, the pertinent facts are uncontroverted and it appears beyond doubt that relators are entitled to the requested extraordinary writs, peremptory writs will be granted. *State ex rel. Morenz v. Kerr,* 104 Ohio St.3d 148, 2004-Ohio-6208, 818 N.E.2d 1162, ¶ 13. This is what relators request in their motion for judgment on the pleadings.

## Standards for Prohibition and Mandamus

{¶ 15} "If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12; *State ex rel. Powell v. Markus,* 115 Ohio St.3d 219, 2007-Ohio-4793, 874 N.E.2d 775, ¶ 7. Where jurisdiction is patently and unambiguously lacking, relators need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial. *State ex rel. Columbus S. Power Co. v. Fais,* 117 Ohio St.3d 340, 2008-Ohio-849, 884 N.E.2d 1, ¶ 16.

{¶ 16} The court of appeals is exercising jurisdiction over Berman's appeal. The dispositive issue is whether it patently and unambiguously lacks jurisdiction to do so under the vexatious-litigator provisions of R.C. 2323.52.

## Vexatious–Litigator Statute

{¶ 17} "Vexatious conduct" is the conduct of a party in a civil action that "obviously serves merely to harass or maliciously injure another party to the civil action," "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law," or "is imposed solely for delay." R.C. 2323.52(A)(2)(a) through (c). A "vexatious litigator" is "any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions." R.C. 2323.52(A)(3).

{¶ 18} The common pleas court found Berman to be a vexatious litigator and entered an order pursuant to R.C. 2323.52(D)(1) prohibiting him from instituting or continuing legal proceedings in certain courts without first obtaining leave of

court to proceed. As a vexatious litigator subject to an R.C. 2323.52(D)(1) order, Berman could "not institute legal proceedings in a court of appeals, continue any legal proceedings that [he] had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator or another person in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2)." R.C. 2323.52(D)(3).

{¶ 19} Under R.C. 2323.52(F)(2), a person subject to an R.C. 2323.52(D)(1) vexatious-litigator order "who seeks to institute or continue any legal proceedings in a court of appeals or to make an application, other than an application for leave to proceed under division (F)(2) of this section, in any legal proceedings in a court of appeals shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending."

{¶ 20} Moreover, "[w]henever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate court of common pleas or court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending shall dismiss the proceedings or application of the vexatious litigator." R.C. 2323.52(I).

Legal Analysis

{¶ 21} Relators assert that the provisions of R.C. 2323.52 patently and unambiguously divest the court of appeals of jurisdiction over Berman's appeal. In construing these statutory provisions, we must read the words and phrases in context and construe them in accordance with rules of grammar and common usage. *State ex rel. Heffelfinger v. Brunner*, 116 Ohio St.3d 172, 2007-Ohio-5838, 876 N.E.2d 1231, ¶ 35.

{¶ 22} After so construing R.C. 2323.52, it is obvious that relators are correct for the following reasons.

{¶ 23} First, Berman, who had been declared a vexatious litigator and was subject to an R.C. 2323.52(D)(1) order, instituted his appeal without first obtaining leave of the court of appeals to so proceed. R.C. 2323.52(D)(3) and (F)(2).

{¶ 24} Second, when relators alerted the court of appeals to Berman's failure to comply with these provisions, the court of appeals was required to dismiss the appeal pursuant to R.C. 2323.52(I).

{¶ 25} Third, by the time that Berman sought leave to institute his appeal, the 30–day time limit for him to appeal the common pleas court's November 27, 2007 judgment entry had expired. App.R. 4(A) ("A party shall file the notice of appeal

required by App.R. 3 within thirty days of the * * * entry of the judgment or order appealed * * *").

{¶ 26} The court of appeals suggests an exception to R.C. 2323.52 when the person declared a vexatious litigator seeks to appeal the judgment initially declaring him or her to be a vexatious litigator. But the plain language of R.C. 2323.52 recognizes no such exception, and courts cannot add one. See *State ex rel. Stoll v. Logan Cty. Bd. of Elections*, 117 Ohio St.3d 76, 2008-Ohio-333, 881 N.E.2d 1214, ¶ 39 ("But the statute contains no exception, and we cannot add one to its express language"); see also *State v. Hughes* (1999), 86 Ohio St.3d 424, 427, 715 N.E.2d 540 ("In construing a statute, we may not add or delete words"). R.C. 2323.52 does not differentiate between an appeal instituted from an initial declaration of vexatious-litigator status and an appeal commenced from other judgments made after the declaration.

{¶ 27} The court of appeals also erred in granting Berman's belated motions for leave to proceed, which were filed after his appeal and without leave of court, in contravention of the plain language of R.C. 2323.52(D)(3) and (F)(2). The court was required to dismiss the appeal pursuant to R.C. 2323.52(I) once it knew that Berman had filed his appeal without obtaining leave to proceed. And by the time Brown actually sought leave to institute his appeal, the time to appeal had expired.

{¶ 28} The court of appeals claims that the provisions of R.C. 2323.52 conflict with App.R. 3 and 4 and thus must yield to the Rules of Appellate Procedure. "It is true that '[w]here a conflict arises between a rule and a statute, the rule will control the statute on matters of procedure.'" *State ex rel. Boylen v. Harmon*, 107 Ohio St.3d 370, 2006-Ohio-7, 839 N.E.2d 934, ¶ 8, quoting *State v. Slatter* (1981), 66 Ohio St.2d 452, 454, 20 O.O.3d 383, 423 N.E.2d 100; Section 5(B), Article IV, Ohio Constitution.

{¶ 29} There is, however, no conflict between the provisions. App.R. 3 and 4 define the general requirements of how and when to file an appeal, and R.C. 2323.52 specifies the requirements for persons declared to be vexatious litigators who are filing and continuing legal cases.

{¶ 30} In addition, "[i]t is well established that statutes establishing subject matter jurisdiction, which create and define the rights of parties to sue and be sued in certain jurisdictions, are substantive law." *Proctor v. Kardassilaris*, 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 18. R.C. 2323.52 affects the rights of those persons declared to be vexatious litigators to sue or to continue preexisting suits; consequently, it is substantive rather than procedural. Therefore, even if we did find that the statute and the rules conflict, R.C. 2323.52 would control. See also *In re Removal of Osuna* (1996), 116 Ohio App.3d 339, 688 N.E.2d 42 (statute requiring leave to appeal decision on removal of public officer

was a *substantive* law that controlled over App.R. 3 and 4, which govern the appellate *procedure*).

{¶ 31} Finally, the court of appeals' reliance on *State ex rel. Ragozine v. Shaker*, 96 Ohio St.3d 201, 2002-Ohio-3992, 772 N.E.2d 1192, is misplaced. In that case, we held that the statutory requirement for a hearing to be held within 30 days from the date of the filing of a complaint for removal of a public officer under R.C. 3.07 and 3.08 was not jurisdictional. By contrast, this matter is jurisdictional: once relators alerted the court of appeals that Berman had failed to obtain leave of court to file his appeal, the court was required by the statute to dismiss the appeal. Since by that time the 30–day period to appeal had expired, the court could not consider Berman's belated motion for leave. R.C. 2323.52(D)(3), (F)(2), and (I); App.R. 3(A) and (4)(A).

## Conclusion

{¶ 32} The court of appeals patently and unambiguously lacks jurisdiction over Berman's appeal. Because the pertinent facts are uncontroverted, we grant the requested peremptory writ of prohibition to prevent the court of appeals from further proceeding in Berman's appeal and grant the requested peremptory writ of mandamus to compel the court of appeals to dismiss the appeal.

Writs granted.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents and would dismiss the cause.

———

Jeffrey M. Lewis Co., L.P.A., and Jeffrey M. Lewis, for relators.

Ron O'Brien, Franklin County Prosecuting Attorney, and Patrick J. Piccininni, Assistant Prosecuting Attorney, for respondent Franklin County Court of Appeals.

Larry Berman, pro se.