[Cite as *State ex rel. Davet v. Sutula*, 2011-Ohio-2803.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96548

---

## STATE OF OHIO, EX REL.
## RICHARD F. DAVET

RELATOR

vs.

## HONORABLE JUDGE KATHLEEN ANN SUTULA

RESPONDENT

---

### JUDGMENT:
### COMPLAINT DISMISSED

---

Writ of Prohibition/Mandamus
Motion Nos. 444036 and 444136
Order No. 444190

**RELEASE DATE:**   June 7, 2011

**FOR RELATOR**

Richard F. Davet, pro se
P.O. Box 10092
Cleveland, Ohio   44110


**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:    Charles E. Hannan, Jr.
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113



EILEEN A. GALLAGHER, J.:

{¶ 1}   Relator, Richard F. Davet, is a defendant in *Nationsbanc Mtge. Corp. v. Davet*, Cuyahoga Cty. Court of Common Pleas Case No. CV-304224, a foreclosure action that has been assigned to respondent judge of the court of common pleas.   Davet avers that respondent has continuously lacked jurisdiction over Case No. CV-304224 because plaintiff Nationsbanc "was not the owner or assignee with right of ownership when it filed" Case No. CV-304224 in 1996.   Complaint, ¶2.   He requests that this court:   compel respondent to show cause regarding her jurisdiction to proceed in Case No. CV-304224; issue a writ of

prohibition preventing respondent from issuing further orders (except to disburse to him certain funds on hold with the treasurer as unclaimed funds); and issue a writ of mandamus compelling respondent to vacate all prior orders.

{¶ 2} Respondent has filed a motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

{¶ 3} Davet correctly observes that this court and others have held that the party filing a foreclosure action must own the mortgage. "The case law in the 8th District is simple and clear; the putative mortgagee must own the mortgage at the time of the filing of the complaint, otherwise it lacks standing. *Wells Fargo Bank, N.A. v. Jordan*, Cuyahoga App. No. 91675, 2009-Ohio-1092." *Deutsche Bank Natl. Trust Co. v. Triplett*, Cuyahoga App. No. 94924, 2011-Ohio-478, ¶12. Davet erroneously concludes, however, that this case law requires relief in prohibition.

{¶ 4} The criteria for the issuance of a writ of prohibition are well-established. "In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268." *State ex rel. Wright v. Ohio Bur. of Motor Vehicles*, 87 Ohio St.3d 184, 185, 1999-Ohio-1041, 718 N.E.2d 908. If, however, the

respondent court is patently and unambiguously without jurisdiction, the relator need not demonstrate the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, at ¶15.

{¶ 5} Davet contends that Nationsbanc lacked standing to file Case No. CV-304224. He argues that, as a result of Nationsbanc's lack of standing, respondent has lacked jurisdiction over the underlying case.

{¶ 6} This court recently considered whether a plaintiff's lack of standing deprives the trial court of jurisdiction to hear a foreclosure action.

{¶ 7} "We note there is a split in authority as to whether the issue of standing, or the 'real party in interest' defense, in a foreclosure action may be waived if not timely asserted. See, e.g., *JPMorgan Chase Bank Trustee v. Murphy*, Montgomery App. No. 23927, 2010-Ohio-5285, ¶19 (standing can be waived); *Mtge. Electronic Registration Sys., Inc. v. Mosley*, Cuyahoga App. No. 93170, 2010-Ohio-2886, ¶17 (standing is jurisdictional and cannot be waived); *Aurora Loan Servs., L.L.C. v. Car*, Ashtabula App. No.2009-A-0026, 2010-Ohio-1157, ¶18 (standing waived); *First Horizon Home Loan Corp. v. Roberts*, Cuyahoga App. No. 92367, 2010-Ohio-60 (standing waived)." *CitiMortgage, Inc. v. Slack*, Cuyahoga App. No. 94899, 2011-Ohio-613, ¶10, n.3.

{¶ 8}  Davet premises his entire argument on the assumption that a trial court lacks jurisdiction to hear a foreclosure action if the plaintiff lacks standing because it is not the owner of the mortgage at the time of filing the complaint.  Davet would have this court conclude that respondent patently and unambiguously lacked jurisdiction because Nationsbanc lacked standing to file Case No. CV-304224.  As this court observed in *CitiMortgage*, however, the question of whether a foreclosure plaintiff's lack of standing is jurisdictional is not settled.  In fact, this court has issued opinions in 2010 and 2011 reaching differing conclusions.  See *CitiMortgage*, supra.  In this action, therefore, we cannot conclude that respondent patently and unambiguously lacked jurisdiction over Case No. CV-304224.

{¶ 9}  Rather, Davet had an adequate remedy in the ordinary course of the law by way of appeal and relief through an original action is inappropriate.  "A trial court's decision on the issue of standing is properly challenged in a postjudgment appeal rather than via extraordinary writ.  *State ex rel. Smith v. Smith* [(1996)], 75 Ohio St.3d [418,] 420, 662 N.E.2d [366,] 369; *State ex rel. LTV Steel* [(1992)], 64 Ohio St.3d [245,] 251, 594 N.E.2d [616,] 621."  *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 77, 701, 1998-Ohio-275, N.E.2d 1002, 1008.  Because Davet had an adequate remedy by way of appeal, we must deny his request for relief in prohibition.

{¶ 10} Davet has also requested relief in mandamus.  The requirements for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the

respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Mandamus may compel a court to exercise judgment or discharge a function, but it may not control judicial discretion, even if that discretion is grossly abused. Additionally, mandamus is not a substitute for appeal and does not lie to correct errors and procedural irregularities in the course of a case. If the relator has or had an adequate remedy, relief in mandamus is precluded — regardless of whether the relator used the remedy. *State ex rel. Smith v. Fuerst*, Cuyahoga App. No. 86118, 2005-Ohio-3829, at ¶ 4.

{¶ 11} As discussed above, Davet had an adequate remedy by way of appeal. The existence of an adequate remedy precludes relief in mandamus as well.

{¶ 12} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Complaint dismissed.

_____

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS,
SEAN C. GALLAGHER, J., DISSENTS