[Cite as *Novotny v. Krlich*, 2017-Ohio-8287.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| BARBARA NOVOTNY, et al., | : | **MEMORANDUM OPINION** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2017-T-0074** |
| GARRICK KRLICH, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CV 01519.

Judgment:  Appeal dismissed.

*Barbara Novotny, Adam Novotny, Timothy Novotny, Florence Buydos, Brian Trinkes, Tracy Trinkes, David Nicora, Brian Stipetich,* and *Mary Beth Foltz, (pro se)* C/O Barbara Novotny, 3529 Pothour Wheeler Road, Hubbard, OH  44425 (Plaintiffs-Appellees).

*Caryn M. Groedel*, and *Matthew S. Grimsley*, Caryn Groedel & Associates Co., L.P.A., 31340 Solon Road, Suite 27, Cleveland, OH  44139 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}    Garrick Krlich appeals the trial court's decision declaring him a vexatious litigator and ordering him under R.C. 2323.52(D)(1) to seek leave of court prior to pursuing or continuing any legal proceedings.  He also appeals several other prior trial court decisions.  We dismiss.

**{¶2}** An appealing party subject to a vexatious litigator order requiring leave before pursuing or continuing legal proceedings "shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending." R.C. 2323.52(F)(2).

**{¶3}** Absent the requisite request for leave, a court of appeals is required to dismiss the proceedings. R.C. 2323.52(I). The leave requirement includes a direct appeal from the initial vexatious litigator designation. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶1.

**{¶4}** In *State ex rel. Sapp,* the Supreme Court considered a petition for a writ of prohibition to prevent the court of appeals from proceeding with an appeal from the trial court's decision finding Berman a vexatious litigator. Berman filed his notice of appeal within the 30-day time period, but he sought leave to proceed after the 30 days expired. *Id.* at ¶23-27. The Supreme Court held the court of appeals patently and unambiguously lacked jurisdiction to proceed due to his failure to seek leave within 30 days:

**{¶5}** "The court of appeals also erred in granting Berman's belated motions for leave to proceed, which were filed after his appeal and without leave of court, in contravention of the plain language of R.C. 2323.52(D)(3) and (F)(2). The court was required to dismiss the appeal pursuant to R.C. 2323.52(I) once it knew that Berman had filed his appeal without obtaining leave to proceed. And by the time Brown actually sought leave to institute his appeal, the time to appeal had expired." *Id. at ¶27*; *State ex rel. DeWine v. Johnson*, 4th Dist. Athens No. 17CA13, 2017-Ohio-5701, ¶6.

{¶6} Here, like Berman, Krlich timely filed his notice of appeal August 9, 2017 from several trial court decisions, including the trial court's vexatious litigator determination dated July 12, 2017. He did not, however, seek leave to appeal any of the trial court decisions within 30 days.

{¶7} According, we lack jurisdiction and the appeal is dismissed. All other pending motions are dismissed.

DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.