[Cite as *Watkins v. Hall*, 2020-Ohio-4192.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| DENNIS WATKINS, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0030** |
| HARGUS D. HALL, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2019 CV 01938.

Judgment: Appeal Dismissed.

*Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Hargus D. Hall*, pro se, PID: A693-672, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, OH 44505 (Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Hargus D. Hall appeals the Trumbull County Court of Common Pleas decision declaring him a vexatious litigator and ordering him under R.C. 2323.52(D)(1) to seek leave of court prior to instituting or continuing any legal proceedings and prior to making any application in any legal proceedings, other than an application for leave to proceed. Dennis Watkins, in his official capacity as prosecuting attorney for Trumbull County, filed a motion to dismiss for failure to timely prosecute the appeal on July 20,

2020, and Mr. Hall filed a motion for time extension of ten days to file a brief in the matter, citing the COVID-19 pandemic as cause for his delay, on July 28, 2020. Regardless of the timeliness issue, we dismiss the appeal.

{¶2} "A person who is subject to an order entered pursuant to division (D)(1) of this section *may not institute legal proceedings in a court of appeals,* continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator * * * in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section." R.C. 2323.52(D)(3) (emphasis added). An appealing party subject to a vexatious litigator order that requires leave of court "shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending." R.C. 2323.52(F)(2).

{¶3} The leave requirement includes a direct appeal from the initial vexatious litigator designation. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, ¶26.

{¶4} "Whenever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate court of common pleas or court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending *shall dismiss* the

proceedings or application of the vexatious litigator." R.C. 2323.52(I) (emphasis added).

{¶5} "It is axiomatic that when used in a statute, the word 'shall' denotes that compliance with the command of that statute is mandatory unless there appears a clear and unequivocal legislative intent that it receive a construction other than its ordinary usage." *Marin v. Trumbull Cty.*, 11th Dist. Trumbull No. 2012-T-0025, 2012-Ohio-2012, ¶8, citing *Dept. of Liquor Control v. Sons of Italy Lodge 0917*, 65 Ohio St.3d 532, 534 (1992). Likewise, this court has held that, "[a]bsent the requisite request for leave, a court of appeals is required to dismiss the proceedings." *Novotny v. Krlich*, 11th Dist. Trumbull No. 2017-T-0074, 2017-Ohio-8287, ¶3, citing R.C. 2323.52(I).

{¶6} Here, Mr. Hall filed his notice of appeal on May 11, 2020, from the trial court's vexatious litigator determination dated March 12, 2020. He did not, however, seek leave to appeal the trial court's decision.

{¶7} As a result, the appeal is dismissed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

3