[Cite as *Kallet v. Wilgus*, 2021-Ohio-1637.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHRISTINE AND JONATHAN KALLET | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Relators | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| HON. ADAM W. WILGUS | : | Case No. 2021 AP 01 0004 |
| | : | |
| Respondent | : | |
| | : | |
| and | : | |
| | : | |
| REBECCA HERSHBERGER | : | |
| | : | |
| Intervenor/Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Writ of Prohibition

JUDGMENT:          Granted

DATE OF JUDGMENT:          May 11, 2021

APPEARANCES:

For Relators

MONICA D. DERAMUS
McCleery Law Firm, LLC
203 Front Avenue, SE
New Philadephia, OH  44663

For Respondent
Hon. Adam W. Wilgus

ROBERT R. STEPHENSON II
Assistant Prosecuting Attorney
125 East High Avenue
New Philadelphia, OH  44663

For  Intervenor/Respondent
Rebecca Hershberger

J. KEVIN LUNDHOLM
300 E. Third Street

Dover, OH  44622

*Wise, Earle, J.*

{¶ 1}　On January 15, 2021, Relators, Christine and Jonathan Kallet, filed a Complaint for Writ of Prohibition against Respondents, The Honorable Linda A. Kate and Magistrate Adam W. Wilgus of the Tuscarawas County Common Pleas Court, Juvenile Division. We substitute Judge Kate's successor to the bench, Judge Adam W. Wilgus, as Respondent under Civ.R. 25(D)(1).[1]

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

{¶ 2}　The Kallets are the biological parents of the minor child who is the subject of this original action. Complaint, ¶ 4; Agreed Stmt. Facts, ¶ 1. Rebecca Hershberger is the plaintiff/maternal grandmother in the underlying custody case pending in the Tuscarawas County Court of Common Pleas, Juvenile Division, Case No. 2020 CC 00100. Complaint, ¶ 4. She is also an Intervenor/Respondent in the present matter.[2]

{¶ 3}　The minor child was born on July 17, 2019. Complaint, ¶ 4; Agreed Stmt. Facts, ¶ 3. He lived in Ann Arbor, Michigan from the time of his birth until June 11, 2020 when Ms. Kallet and the minor child traveled to Ohio and resided with the child's maternal grandmother, Ms. Hershberger. *Id.* Mr. Kallet was not permitted to stay in Ms. Hershberger's home and stayed in a nearby hotel in Ohio. Complaint, ¶ 5; Agreed Stmt. Facts, ¶ 4.

{¶ 4}　On June 16, 2020, Ms. Kallet left Ms. Hershberger's residence following an argument. Complaint, ¶ 6; Agreed Stmt. Facts, ¶ 5. The minor child remained at Ms.

---

[1] Judge Wilgus's term commenced on February 9, 2021 after the commencement of this original action. *See* Agreed Stmt. Facts, ¶ 18.
[2] The Court granted Ms. Hershberger's Motion to Intervene on March 5, 2021.

Hershberger's residence. *Id.* The following day Ms. Kallet attempted to return to Ms. Hershberger's residence to remove the minor child and Ms. Hershberger advised her not to return and that if she did, Ms. Hershberger would call the police. Complaint, ¶ 6.

{¶ 5}   On June 17, 2020, Ms. Hershberger filed a Complaint for Custody in the Tuscarawas County Court of Common Pleas, Juvenile Division. Complaint, ¶ 7; Agreed Stmt. Facts, ¶ 6. Ms. Hershberger alleged the minor child was living with her and her husband because Ms. Kallet "took her dog for a walk and didn't come back last night at 5:30 p.m." *Id.* Ms. Hershberger further averred it was in the minor child's best interest that she be granted custody because, "the parents * * * cannot be contacted." *Id.*

{¶ 6}   Ms. Hershberger also filed with her Complaint a form titled "Declaration Under Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) [.]" Complaint, ¶ 8; Agreed Stmt. Facts, ¶ 7. In her Declaration, Ms. Hershberger only disclosed the minor child's residence information in Ohio from June 12, 2020 through June 17, 2020. *Id.* Ms. Hershberger did not disclose the minor child's residence information in Michigan prior to June 12, 2020. *Id.*

{¶ 7}   On June 22, 2020, Ms. Hershberger filed a Motion for Ex Parte Temporary Custody and supported the motion with her own affidavit. Complaint, ¶ 9; Agreed Stmt. Facts, ¶ 8. Ms. Hershberger indicated she was proceeding under Juv.R. 13. *Id.* Ms. Hershberger requested custody of the minor child due to the Kallets' "unknown whereabouts." *Id.* Ms. Hershberger also indicated that Ms. Kallet "accused [Ms. Hershberger] of taking her son and her possessions * * *." Agreed Stmt. Facts, ¶ 8.

{¶ 8}   On June 24, 2020, Judge Wilgus, acting in his capacity as magistrate, granted Ms. Hershberger's Motion for Ex Parte Temporary Custody, awarding Ms.

Hershberger temporary custody of the minor child. Complaint, ¶ 10; Agreed Stmt. Facts, ¶ 9. Magistrate Wilgus scheduled the matter for a hearing on July 9, 2020. *Id.* Following the hearing, Magistrate Wilgus issued an order continuing temporary custody of the minor child with Ms. Hershberger. *Id.* Magistrate Wilgus also appointed a Guardian ad Litem and granted Ms. Kallet supervised visitation for one hour per week. *Id.*

{¶ 9} On August 19, 2020, the Kallets filed a Motion to Dismiss/Stay for Lack of Subject Matter and Personal Jurisdiction on a variety of grounds. Complaint, ¶ 11; Agreed Stmt. Facts, ¶ 10. One ground alleged by the Kallets included the lack of subject matter jurisdiction by the trial court under the UCCJEA and the trial court's lack of personal jurisdiction over them. *Id.* On September 10, 2020, Ms. Hershberger filed a Memorandum in Opposition. Complaint, ¶ 12; Agreed Stmt. Facts, ¶ 11.

{¶ 10} On September 23, 2020, Magistrate Wilgus issued an order denying the Kallets' Motion to Dismiss. Complaint, ¶ 13; Agreed Stmt. Facts, ¶ 12. The order also provided temporary custody would remain with Ms. Hershberger. *Id.* On October 1, 2020, the Kallets filed a Motion to Set Aside the Magistrate's Order. Complaint, ¶ 14; Agreed Stmt. Facts, ¶ 13. On October 5, 2020, the Kallets filed a Complaint for Custody and a Motion to Transfer Case, to Accept Jurisdiction Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act in the 4th Circuit Court, Jackson County, Michigan. Complaint, ¶ 15; Agreed Stmt. Facts, ¶ 14. The Kallets alleged in their Complaint that Michigan is the minor child's "home state" as defined under the UCCJEA. Complaint, ¶ 15.

{¶ 11} On November 20, 2020, Judge Kate overruled the Kallets' Motion to Set Aside the Magistrate's Order. Complaint, ¶ 16; Agreed Stmt. Facts, ¶ 15. The Judgment

Entry indicated the Michigan and Ohio courts had been attempting to contact each other to no avail, and that a separate entry would issue by the juvenile court upon determination of the appropriate court's jurisdiction. *Id.*

{¶ 12} On December 17, 2020, the Kallets and Ms. Hershberger appeared in the 4th Circuit Court in Michigan for a hearing on the Kallets' Motion to Transfer the case to Michigan. Complaint, ¶ 17; Agreed Stmt. Facts, ¶ 16. Judge Diane Rappleye indicated she attempted to contact the juvenile court in Ohio on four separate occasions and was only able to speak with Magistrate Wilgus once. Complaint, ¶ 17. Judge Rappleye expressed that her hands were tied until she was able to speak with Judge Kate. *Id.*

{¶ 13} Thereafter, Ms. Hershberger made an oral Motion to Dismiss, which Judge Rappleye denied. Complaint, ¶ 17; Agreed Stmt. Facts, ¶ 16. Judge Rappleye entered an order indicating the case would remain pending until further order of the court and set a status conference for March 11, 2021. *Id.* Presently, the minor child remains in the custody of Ms. Hershberger in Ohio. Complaint, ¶ 18; Agreed Stmt. Facts, ¶ 17.

{¶ 14} In response to the writ, Respondents Judge Kate and Magistrate Wilgus filed a Motion to Dismiss/Judgment on the Pleadings on February 3, 2021. We denied the motion on February 25, 2021, granted an alternative writ, and ordered a briefing schedule for the presentation of evidence and the filing of briefs. This matter is now ripe for determination.

**LEGAL ANALYSIS**

{¶ 15} The Kallets' Complaint seeks relief in prohibition. They ask the Court to order Judge Wilgus to vacate all orders and immediately return the minor child to them in Michigan. Complaint, p. 15.

A. Required elements for a writ of prohibition

{¶ 16} To be entitled to a writ of prohibition, the Kallets must establish: (1) Respondent is about to exercise judicial power, (2) the exercise of power is unauthorized by law, and (3) denying the writ would result in injury for which no adequate remedy exists in the ordinary course of law. (Citation omitted.) *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 41, 2010-Ohio-2450, 930 N.E.2d 299, ¶ 16. "If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *Id*. at ¶ 17, quoting *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12, citing *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 393, 678 N.E.2d 549 (1997). "Where jurisdiction is patently and unambiguously lacking, [a relator] need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial." *Id*., quoting *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15, citing *State ex rel. Columbus S. Power v. Fais*, 117 Ohio St.3d 340, 2008-Ohio-849, 884 N.E.2d 1, ¶ 16.

B. Subject-matter jurisdiction of the juvenile court

{¶ 17} Here, we must determine whether Judge Wilgus patently and unambiguously lacks subject-matter jurisdiction to proceed in the custody matter currently pending in the juvenile court. The Kallets contend Judge Wilgus ignored the UCCJEA. Complaint, ¶ 22.

{¶ 18} Ms. Hershberger's Complaint for Temporary Custody did not indicate a statutory basis for her request. However, she averred in her Complaint the minor child's parents could not be contacted and she requested that she be named residential parent and sole custodian of the minor child. Complaint, Exh. A-1. Further, attached to the Complaint is a form identified as a "Declaration Under Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)[.]" Complaint, Exh. A-2. The section of the Declaration regarding information about the minor child's place of birth and history of residence is completely blank. Ms. Hershberger also filed a Motion for Ex Parte Temporary Custody under Juv.R.13. Complaint, Exh. A-3.

{¶ 19} Respondents Judge Kate and Magistrate Wilgus indicated in their Motion to Dismiss/Judgment on the Pleadings and Fifth Affirmative Defense of the Answer the juvenile court has jurisdiction under R.C. 2151.23, et seq. and Juv.R. 10. In addition, Ms. Hershberger asserts in her merit brief the juvenile court has jurisdiction under R.C. 3127.18(A)(2) or R.C. 3127.15(A)(2). Intervenor Merit Brief, p. 1. We will review these alleged grounds for jurisdiction.

1. <u>R.C. 2151.23 and Juv.R. 10 are inapplicable because they only address the juvenile court's statutory jurisdiction.</u>

{¶ 20} The juvenile court relies on R.C. 2151.23 and Juv.R. 10 as a basis to exercise jurisdiction. R.C. 2151.23 addresses the jurisdiction of the juvenile court and provides in section (A)(2) the court has jurisdiction "to determine the custody of any child not a ward of another court of this state." Likewise, Juv.R.10 contains language almost identical to that found in R.C. 2151.23(A)(2). Section (A) of Juv.R. 10 provides, in pertinent part: "Any person may file a complaint to have determined the custody of a child not a ward of another court of this state * * *."

{¶ 21} We find the juvenile court's reliance on R.C. 2151.23 and Juv.R. 10 is misplaced because neither address whether Ohio or Michigan has subject-matter jurisdiction to determine the minor child's custody under the UCCJEA. *See State ex rel. M.L. v. O'Malley*, 144 Ohio St.3d 553, 2015-Ohio-4855, 45 N.E.3d 971, ¶11 ("Respondents undoubtedly have statutory jurisdiction to determine the custody of children in Ohio under R.C. 2151.23(A)(2). The dispute here is whether Ohio or New Jersey has jurisdiction to determine M.A.H.'s custody under the UCCJEA.")

{¶ 22} Further, "R.C. 2151.23(F)(1) specifically mandates that juvenile courts exercise jurisdiction in custody matters in accordance with R.C. 3127.01 to 3127.53 of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA")." *In re B.P.*, 11th Dist. Trumbull No. 2011-T-0032, 2011-Ohio-2334, ¶ 37. "The UCCJEA defines a trial court's subject-matter jurisdiction to issue a child custody determination." *In re R.M.*, 4th Dist. Athens No. 12CA43, 12CA44, 2013-Ohio-3588, 997 N.E.2d 169, ¶ 79.

{¶ 23} R.C. Chapter 3127 [UCCJEA] sets forth standards and definitions for determining when an Ohio court has jurisdiction, as opposed to another state, to issue a child custody decision. *In re B.P.* at ¶ 37. "The primary purpose of the UCCJEA is 'to avoid jurisdictional competition and conflict with courts of other jurisdictions' in custody matters." *Id.*, citing *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 20, quoting *In re Palmer*, 12 Ohio St.3d 194, 196, 465 N.E.2d 1312 (1984).

{¶ 24} Therefore, R.C. 2151.23 and Juv.R. 10 grant a juvenile court exclusive, original jurisdiction to make custody determinations for children who are not wards of a court of this state. *In re R.M.* at ¶ 78. However, only the UCCJEA delineates a juvenile court's power to issue a child custody decision and thus, defines the subject-matter

jurisdiction of the court. *Id.* at ¶ 79. In *Rosen v. Celebrezze*, the Ohio Supreme Court explained even though a statute provides a juvenile court with "basic statutory jurisdiction to determine custody matters * * * a more specific statute like R.C. 3127.15 [may] patently and unambiguously divest [ ] the court of such jurisdiction." *Rosen* at ¶ 46.

{¶ 25} Therefore, R.C. 2151.23 and Juv.R. 10 do not grant the juvenile court subject-matter jurisdiction, which must be determined in accordance with the UCCJEA.

2. <u>No grounds exist for the juvenile court to exercise temporary emergency jurisdiction under R.C. 3127.18.</u>

{¶ 25}  Next, Ms. Hershberger maintains the juvenile court has jurisdiction under R.C. 3127.18(A)(2). This statute concerns when a court may exercise temporary emergency jurisdiction outside the four situations identified in R.C. 3127.15(A) [UCCJEA]. *In re R.M.* at ¶ 92. It provides juvenile courts with temporary and emergency jurisdiction over a child who demands immediate protection due to abandonment, mistreatment, or abuse. *Id.* at ¶ 93. In fact, "[t]he statute has no applicability unless the child is abandoned or subjected to or threatened with mistreatment or abuse." *Id.* Thus, "the purpose of the statute is to provide a court that otherwise lacks jurisdiction under R.C. 3127.15 [UCCJEA] with jurisdiction if a temporary emergency situation presents itself." *Id.* at ¶ 94.

{¶ 26}  R.C. 3127.18 provides, in pertinent part:

(A)    A court of this state has temporary emergency jurisdiction if a child is present in this state and either of the following applies:

(1) The child has been abandoned.

(2) It is necessary in an emergency to protect the child because the child * * * is subject to or threatened with mistreatment or abuse.

{¶ 27} In her Complaint for Temporary Custody and Motion for Ex Parte Temporary Custody, Ms. Hershberger impliedly relied on Section (A)(1) regarding abandonment. She alleged Ms. Kallet left to walk her dog at 5:30 p.m. and never returned. Writ Complaint, Exh. A-1.

{¶ 28} A child is considered abandoned for purposes of R.C. 3127.18(A)(1) when "the parents of a child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that ninety-day period." *See* R.C. 3127.01(B)(1); *In re A.G.M.*, 12th Dist. Warren No. CA2010-02-016, 2010-Ohio-4565, ¶ 24.

{¶ 29} We find no basis for the juvenile court to exercise temporary emergency jurisdiction on the theory of abandonment. Christine Kallet stated in her affidavit attached to her Motion to Dismiss/Stay for Lack of Subject Matter Jurisdiction Under Civ.R. 12(B)(1), that she did not abandon her child and she had contact and communication with the minor child prior to Ms. Hershberger filing for ex parte custody. *See* Writ Complaint, affidavit attached to Exh. A-6, ¶ 4.

{¶ 30} Ms. Hershberger confirmed this fact when she averred in her affidavit that she spoke to both Jonathan and Christine Kallet after Christine Kallet left her residence. Writ Complaint, affidavit attached to Exh. A-3, ¶¶ 17, 19. This contact occurred around the time Ms. Hershberger filed her Complaint and the Complaint was filed one day after Christine Kallet left Ms. Hershberger's residence and failed to return. Therefore, we find the minor child was not abandoned for more than 90 days as required by R.C. 3127.18(A)(1) for the juvenile court to exercise temporary emergency jurisdiction.

{¶ 31}   For the first time in her Merit Brief, Ms. Hershberger argues Section (A)(2) of R.C. 3127.18 applies because the minor child was subject to or threatened with mistreatment or abuse. Ms. Hershberger submitted no evidence to support this claim. Further, this ground was never alleged in her Complaint for Temporary Custody or Motion for Ex Parte Temporary Custody.

{¶ 32} Even if we were to conclude the juvenile court properly exercised jurisdiction in this matter under sections (A)(1) or (A)(2) of R.C. 3127.18, the juvenile court should have followed the procedures set forth in R.C. 3127.18(C) and (D) after the Kallets filed their Complaint for Custody and Motion to Transfer Case, to Accept Jurisdiction Pursuant to the Uniform Child Custody and Enforcement Act in Michigan, the minor child's home state.[3]

{¶ 33} Sections (C) and (D) of R.C. 3127.18 provide safeguards for a child once a child custody proceeding is commenced in a state having jurisdiction under the UCCJEA. For example, section (C) of R.C. 3127.18 provides:

> (C) If * * * a child custody proceeding has been commenced in a court of a state having jurisdiction under sections 3127.15 to 3127.17 of the Revised Code * * * any order issued by a court of this state under this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under section 3127.15 to 3127.17 of the Revised Code or a similar statute of another state. *The order issued in*

---

[3] *See* Section (B)(3) herein for a discussion about the minor child's home state.

*this state remains in effect until an order is obtained from the other state*

*within the period specified or until the period expires.*

(Emphasis added.)

{¶ 34} Further, section (D) of R.C. 3127.18 requires the court exercising temporary emergency custody and the home state to "immediately communicate" once a child custody proceeding is commenced in the home state. This statute provides:

(D) * * * A court of this state that is exercising jurisdiction pursuant to sections 3127.15 to 3127.17 of the Revised Code, upon being informed that a child custody proceeding has been commenced in * * * another state under a statute similar to this section, *shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order.*

(Emphasis added.)

{¶ 35} Here, the Kallets commenced an action under the UCCJEA, on October 5, 2020, in the 4th Circuit Court, Jackson County, Michigan, the minor child's home state. Therefore, even if the juvenile court believed it was properly exercising jurisdiction in this matter under R.C. 3127.18(A)(1) or (A)(2), which we do not find, once the Kallets commenced their action in Michigan, the juvenile court should have followed the mandates of R.C. 3128.18(C) and (D). Although the record indicates some attempts were made by the Ohio and Michigan courts to communicate, communication broke down, and the requirements of the above statutes were not followed.

{¶ 36} For these reasons, we find the juvenile court could not exercise jurisdiction under R.C. 3127.18(A)(1) or (A)(2), the temporary emergency exception to the UCCJEA. Even if we found a proper initial exercise of jurisdiction under this statute, it terminated once the Kallets commenced the Michigan action the juvenile court should have followed the procedures outlined in R.C. 3127.18(C) and (D).

3. <u>The juvenile court does not have jurisdiction under R.C. 3127.15(A)(2) because the minor child's home state is Michigan.</u>

{¶ 37} Finally, Ms. Hershberger asserts the juvenile court properly exercised jurisdiction under R.C. 3127.15(A)(2) because the minor child does not have a "home state" as defined in R.C. 3127.01(B)(7). Under the UCCJEA, the "home state" has jurisdictional priority and exclusive continuing jurisdiction. (Citations omitted.) *Rosen,* 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, at ¶ 21. There can be only one home state, which precludes competition for jurisdiction between the states. (Citations omitted.) *In re B.P.* at ¶ 37.

{¶ 38} R.C. 3127.15 addresses jurisdiction to make the initial determination in a child custody proceeding. This statute provides, in pertinent part:

(A) Except as otherwise provided in section 3127.18 of the Revised Code [emergency jurisdiction], a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and

the child is absent from this state but a parent or person acting as a parent continues to live in this state.

(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum under section 3127.21 or 3127.22 of the Revised Code, or a similar statute of the other state, and both of the following are the case:

(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 3127.21 or 3127.22 of the Revised Code or a similar statute enacted by another state.

(4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section.

{¶ 39} The above statute "provides four types of initial child-custody jurisdiction: home-state jurisdiction, significant-connection jurisdiction, jurisdiction based on declination of jurisdiction, and default jurisdiction." *Rosen* at ¶ 31. Importantly, Section (B)

of R.C. 3127.15 states that: "Division (A) of this section is the *exclusive jurisdictional basis* for making a child custody determination by a court of this state." (Emphasis added.)

{¶ 40} With regard to the term "home state" used in R.C. 3127.15, R.C. 3127.01(B)(7) defines the term as "the state in which a child lived with a parent * * * for at least six consecutive months immediately preceding the commencement of a child custody proceeding * * *. A period of temporary absence * * * is counted as part of the six-month * * * period." Thus, R.C. 3127.15(A)(1) "manifestly confer[s] home-state jurisdiction on the state that either (1) 'is the home state of the child on the date of the commencement of the proceeding,' or (2) 'was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this state but a parent * * * continues to live in this state.' " *Id.* at ¶ 34.

{¶ 41} Judge Wilgus and Ms. Hershberger allege neither Ohio nor Michigan is a statutory home state under the provisions of R.C. Chapter 3127. *See* Answer, Second Affirmative Defense; Motion to Dismiss/Judgment on the Pleadings, p. 2; Intervenor's Merit Brief, p. 5. We disagree. In the *Rosen* decision, the Ohio Supreme Court reviewed case law from around the country, specifically focusing on a Montana case that defined home state under the Montana version of the UCCJEA. In *Stephens v. Fourth Judicial Dist. Court*, 331 Mont. 40, 128 P.3d 1026 (2006), the parents and their minor children lived in Arkansas from 2002 until May 2005, when they moved to Montana. *Id.* at ¶ 36. Less than six months later, the father filed a dissolution action in Montana. *Id.* The Montana Supreme Court granted a writ of prohibition to the mother to prevent the Montana dissolution action from proceeding because Arkansas was the home state of the minor children within six months before the filing of the case. *Id.* at ¶ 36.

The Montana Supreme Court explained the meaning of "home state":

> [W]e hold that "home state" for purposes of determining initial jurisdiction under [the Montana UCCJEA], is not limited to the time period of "6 consecutive months immediately before the commencement of a child custody proceeding." The applicable time period to determine "home state" in such circumstances should be "within 6 months before the commencement of [the 'child custody] proceeding."

*Id.* at ¶ 36.

{¶ 42} The Ohio Supreme Court adopted this definition of "home state" in the *Rosen* decision and based on the facts presented in *Rosen* concluded:

> West Virginia [rather than Ohio where the minor children had lived for approximately four months before mother commenced legal proceedings for divorce and custody] was the home state of David and Kathleen's minor children because they had lived there [West Virginia] for six consecutive months as of a date within the six-month period before David filed his West Virginia divorce action. Therefore, West Virginia was the home state of the minor children "within six months before the commencement" of David's West Virginia divorce case, i.e., they had lived in West Virginia for six consecutive months ending within the six months before the West Virginia case commenced.

*Id.* at ¶ 42.

{¶ 43} In the present matter, the minor child was in the state of Ohio for only six days before Ms. Hershberger filed her Complaint for Temporary Custody. Except for those six days, the minor child resided in Michigan his entire life. Under the *Rosen* court's definition of "home state," Michigan is the minor child's home state for purposes of the UCCJEA. The minor child resided in Michigan for six consecutive months ending within the six months before Ms. Hershberger filed her Motion for Temporary Custody in Ohio.

{¶ 44} Further, Ms. Hershberger's reliance on R.C. 3127.15(A)(2) is misplaced. This section applies only if "[a] court of another state does not have jurisdiction under division (A)(1) of this section[.]" As we noted above, based on the definition of "home state" Michigan has jurisdiction under R.C. 3127.15(A)(1) as the minor child's home state. Section (A)(2) also applies if "a court of the home state of the child has declined to exercise jurisdiction[.]" A Complaint for Custody and a Motion to Transfer Case, to Accept Jurisdiction Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act is pending in the 4th Circuit, Jackson County, Michigan. The judge overseeing the case entered an order indicating the case would remain pending until further order of the court. There is no evidence the Michigan judge has declined to exercise jurisdiction in this matter. Therefore, for these reasons we do not find R.C. 3127.15(A)(2) grants the juvenile court in Ohio jurisdiction over this custody matter.

{¶ 45} Finally, we find the facts here similar to those addressed by the Ohio Supreme Court in *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184. In that case, mother had sole custody of the minor child per a judgment issued by an Ohio juvenile court in 2009. *Id.* at ¶ 2. Since then, mother moved to Arizona with her daughter and lived there for two years, making Arizona her permanent home. *Id.*

On a visit to Ohio in 2012, she was called back to Arizona, and she left the minor child temporarily with her mother. *Id.* While mother was in Arizona, the minor child's paternal grandfather filed an ex parte motion in the Sandusky Juvenile Court for emergency temporary custody under R.C. 3127.18. *Id.* After the ex parte order was granted, mother filed a "notice of filing of foreign judgment" in Arizona, giving that court notice of the 2009 Ohio custody order. *Id.* at ¶ 6.

{¶ 46} Thereafter, Mother filed a complaint for a writ of prohibition alleging the Ohio court lacked jurisdiction now that she and the minor child were residents of Arizona. *Id.* The court of appeals dismissed the writ finding the juvenile court had jurisdiction under the UCCJEA and mother had an adequate remedy at law by way of an appeal. *Id.* at ¶ 3.

{¶ 47} On appeal the Ohio Supreme Court explained the question to be determined was whether the juvenile court's exercise of jurisdiction was authorized by law and whether denying the writ would result in an injury for which no other adequate remedy exists. *Id.* at ¶ 12.

{¶ 48} The Ohio Supreme Court granted the writ and determined the juvenile court had not complied with the mandates of R.C. 3127.18 regarding the grant of temporary custody to a grandparent. *Id.* at ¶ 27. Importantly, the Court noted the lack of jurisdiction need not be " 'patent and unambiguous' " as is normally required for a writ of prohibition to issue. *Id.* at ¶ 18. The Court explained an appeal would not be adequate because the contest is between a parent and a nonparent. *Id.* at ¶ 21. "[N]atural parents have a fundamental constitutional interest in the care, custody, and management of their children that grandparents do not." *Id.*, citing *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 40.

{¶ 49} Further, the Court explained:

> An "adequate remedy" in child-custody cases is unlike that in other types of cases, because for a child and her parent, time is the most precious of commodities. If a child is removed from her parent for a year, as has already occurred in this case, that year can never be replaced. If a writ is not issued and the case returned to the juvenile court in these circumstances, it may languish for one or two more years before the court issues an appealable order. The appeal can take an additional year or two by the time briefs are prepared and oral arguments delivered and the judges arrive at a conclusion.

*Id.* at ¶ 23.

{¶ 50} Finally, the Court also noted the lack of communication between the Ohio and Arizona courts, which also appears to be an issue in the present matter. *Id.* at ¶ 22. Under the *V.K.B.* decision, we find an appeal from the juvenile court's decision would not be an adequate remedy. The minor child has already been in the temporary custody of Mrs. Hershberger for almost one year. An appeal would only further delay reunification.

**CONCLUSION**

{¶ 51} For the reasons set forth above, we conclude the juvenile court lacked subject matter jurisdiction to rule on Ms. Hershberger's Complaint for Custody and Motion for Ex Parte Temporary Custody because Michigan is the minor child's home state under the UCCJEA. The Court hereby grants the Kallets' Complaint for Writ of Prohibition to prevent Judge Wilgus from proceeding with the issue of child custody in the underlying case.

{¶ 52} Under R.C. 3127.18(C), Judge Wilgus shall issue an order specifying in the order a period the court considers adequate to allow Ms. Hershberger and the Kallets to obtain an order from Michigan. Judge Wilgus's order granting temporary custody of the minor child to Ms. Hershberger shall remain in effect until an order is obtained from Michigan within the time period specified or until the period ends. Further, under R.C. 3127.18(D), Judge Wilgus shall immediately communicate with the 4th Circuit Court, Jackson County, Michigan, to resolve the emergency, protect the safety of the parties and minor child, and determine a period for the duration of the temporary order.

{¶ 53} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶ 54} WRIT GRANTED.

{¶ 55} COSTS TO RESPONDENT AND INTERVENOR/RESPONDENT.

{¶ 56} IT IS SO ORDERED.

By Earle E. Wise, Jr., J.

Baldwin, P.J. and

Delaney, J. concur.

EEW/ac