[Cite as *Heinz v. State*, 2022-Ohio-1369.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| TIMOTHY J. HEINZ, | **CASE NO. 2022-P-0019** |
| Plaintiff-Appellant, | |
| - v - | Civil Appeal from the Court of Common Pleas |
| STATE OF OHIO, et al., | |
| Defendants-Appellees. | Trial Court No. 2021 CV 00249 |

**M E M O R A N D U M**
**O P I N I O N**

Decided: April 25, 2022
Judgment: Appeal dismissed

*Timothy J. Heinz,* pro se, P.O. Box 1071, Ravenna, OH 44266 (Plaintiff-Appellant).

*Dave Yost,* Ohio Attorney General, and *Michael A. Walton,* Assistant Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215-3428 (For Defendants-Appellees, State of Ohio and Attorney General Dave Yost).

*Cooper D. Bowen* and *Lisa M. Zaring*, Montgomery Jonson, LLP, 600 Vine Street, Suite 2650, Cincinnati, OH 45202 (For Defendants-Appellees, Judge Laurie J. Pittman, Clerk Jill Fankhauser and Sheriff David Doak).

*Eric Fink*, 11 River Street, Kent, OH 44240 (For Defendants-Appellees, Eric N. Lindsey and Eradal Inc.).

*David J. Dirisamer*, Barnes & Thornburg, LLP, 41 South High Street, Suite 3300, Columbus, OH 43215 (For Defendant-Appellee, U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust).

*Peter C. Kratcoski*, Williams, Kratcoski & Can, LLC, 11 South River Street, Suite A, Kent, OH 44240 (For Defendant-Appellee, Peter C. Kratcoski, Esq.).

MARY JANE TRAPP, J.

{¶1}    Timothy J. Heinz appeals a March 11, 2022 judgment entry from the Portage County Court of Common Pleas, which declared him a vexatious litigator and ordered him to seek leave of court prior to instituting or continuing any legal proceedings and prior to making any application in any legal proceedings, other than an application for leave to proceed.  He also appeals another trial court March 11 entry.  We dismiss.

{¶2}    "A person who is subject to an order entered pursuant to division (D)(1) of this section *may not institute legal proceedings in a court of appeals*, continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator * * * in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section."   R.C. 2323.52(D)(3) (emphasis added).  An appealing party subject to a vexatious litigator order that requires leave of court "shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending."  R.C. 2323.52(F)(2).

{¶3}    This leave requirement includes any direct appeal from the initial vexatious litigator designation.  *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, ¶ 26.

{¶4}    "Whenever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate court of common pleas or court of appeals to do so under division (F) of this

2

Case No. 2022-P-0019

section, the court in which the legal proceedings are pending ***shall dismiss*** the proceedings or application of the vexatious litigator." R.C. 2323.52(I) (emphasis added).

{¶5} When the word "shall" is used in a statute, compliance is mandatory unless there appears a clear and unequivocal legislative intent that it receive a construction other than its ordinary usage. *See Watkins v. Hall*, 11th Dist. Trumbull No. 2020-T-0030, 2020-Ohio-4192, ¶ 5. This court has also held that, "[a]bsent the requisite request for leave, a court of appeals is required to dismiss the proceedings." *Id.; Novotny v. Krlich*, 11th Dist. Trumbull No. 2017-T-0074, 2017-Ohio-8287, ¶ 3.

{¶6} In the instant matter, Mr. Heinz filed his notice of appeal on March 22, 2022, from the trial court's vexatious litigator determination dated March 11, 2022. However, he did not seek leave to appeal the trial court's decision.

{¶7} Accordingly, this appeal is dismissed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2022-P-0019