[Cite as *State ex rel. Gray v. Kimbler*, 2021-Ohio-2868.]

STATE OF OHIO   )     IN THE COURT OF APPEALS
         )ss:    NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA  )

STATE OF OHIO EX REL. DAVID
GRAY

  Relator          C.A. No.  20CA0077-M

  v.

HONORABLE JOYCE V. KIMBLER    ORIGINAL ACTION IN
                PROHIBITION

  Respondent

Dated: August 23, 2021

---

PER CURIAM.

{¶1} Relator, David Gray, filed a petition for a writ of prohibition to prevent respondent, Judge Joyce V. Kimbler, from proceeding with a breach of contract action pending before her. Judge Kimbler moved to dismiss. For the following reasons, we grant the motion to dismiss.

**Requirements for Writ of Prohibition and Motion to Dismiss**

{¶2} Generally, for this Court to issue a writ of prohibition, Mr. Gray must establish that: (1) Judge Kimbler is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997). There is no dispute that Judge Kimbler has exercised, and will continue to exercise, judicial power as she has ordered a hearing to take place. Mr. Gray has alleged that Judge Kimbler patently and unambiguously lacks subject matter

jurisdiction, which means that Mr. Gray does not need to demonstrate there is no adequate remedy at law.

{¶3} "[T]he purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). A writ of prohibition "tests and determines solely and only the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988).

{¶4} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). When reviewing the complaint, we may also review the material incorporated into the complaint; it is considered as part of the complaint for purposes of considering a Civ.R. 12(B)(6) motion to dismiss. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 109 (1995).

{¶5} A complaint can only be dismissed pursuant to Civ.R. 12(B)(6) when, having viewed the facts alleged in the complaint as true and making all reasonable inferences in favor of the nonmoving party, it appears beyond doubt that relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7. With this standard in mind, we begin with the facts alleged in the complaint.

## Facts Alleged in the Complaint

{¶6} Mr. Gray and his wife were married in 1993 and divorced, in Medina County, Ohio, in 2015. The divorce decree included the parties' separation agreement. In 2018, Mr. Gray's ex-wife passed away. Mr. Hamilton was appointed as the administrator of the estate in Richland County, Ohio.

{¶7} Mr. Gray filed a claim against the estate in Richland County Probate Court. He alleged that his ex-wife failed to complete obligations imposed by the separation agreement. Mr. Hamilton rejected the claim.

{¶8} Mr. Gray then filed an action in the Medina County Court of Common Pleas, the case now pending before Judge Kimbler. Mr. Hamilton filed counterclaims against Mr. Gray; the counterclaims alleged breach of contract related to the division of property in the separation agreement.

{¶9} Mr. Gray moved for judgment on the pleadings. He alleged that Judge Kimbler lacked subject matter jurisdiction over the counterclaim. He argued that only the Domestic Relations Division had jurisdiction over claims related to a separation agreement incorporated into a divorce decree.

{¶10} Judge Kimbler partially granted Mr. Hamilton's motion for summary judgment. In that order, Judge Kimbler concluded that a trial would be held to determine the amount due. Mr. Gray continued to assert that Judge Kimbler lacked jurisdiction over the counterclaim. Judge Kimbler has rejected those arguments.

{¶11} Following Judge Kimbler's last order, Mr. Gray filed this petition for writ of prohibition.

**Judge Kimbler does not patently and unambiguously lack jurisdiction**

{¶12} Subject matter jurisdiction concerns a court's power to hear and decide a case on the merits. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75, 1998-Ohio-275, citing *Morrison v. Steiner*, 32 Ohio St.2d 86 (1972), paragraph one of the syllabus. If a court patently and unambiguously lacks subject matter jurisdiction, a writ of prohibition may issue. But the use of the writ is reserved for rare cases. *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, ¶ 6. "A 'writ of prohibition is an extraordinary remedy that is granted in limited circumstances with great caution and restraint.'" *Id.* quoting *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554 (2001).

{¶13} There is no dispute that Judge Kimbler has jurisdiction over breach of contract actions. Mr. Gray focuses on a different issue, however. He argues that the Domestic Relations Division has exclusive jurisdiction over the claim as a post-decree proceeding, pursuant to R.C. 2301.03(U). Mr. Gray relies on this statutory provision to conclude that Judge Kimbler, as a general division judge, lacks jurisdiction over all post-decree proceedings. Specifically, he contends that the Domestic Relations Division of the Medina County Court of Common Pleas has exclusive jurisdiction over Mr. Hamilton's counterclaim for breach of the separation agreement.

{¶14} Mr. Gray points to numerous decisions from courts around Ohio in support of his position. He contends in paragraph 36 of his complaint that "[o]nce a separation agreement is incorporated into a divorce decree, the agreement is superseded by the decree and its terms are imposed not by contract, but by the decree." He relies on the Ohio Supreme Court's conclusion that "A separation agreement of the parties loses its

nature as a contract the moment it is adopted by the court and incorporated into a decree of divorce." *Wolfe v. Wolfe*, 46 Ohio St.2d 399 (1976), paragraph four of the syllabus.

{¶15} But that is not the end of the inquiry. This Court has held that "It has long been the rule in Ohio that if the parties voluntarily enter into a separation agreement, the agreement becomes a valid and binding contract between the parties." *Haas v. Bauer*, 156 Ohio App.3d 26, 2004-Ohio-437, ¶ 19 (9th Dist.), quoting *Russell v. Russell*, 5th Dist. Stark No. 98–CA–0127, 1999 WL 437003 (June 7, 1999), citing *Tullis v. Tullis*, 138 Ohio St. 187 (1941). The Seventh District Court of Appeals recognized earlier this year that there may be two remedies: contempt in domestic relations court and breach of contract in the trial court. *Rossi v. Rossi*, 7th Dist. Mahoning No. 20 MA 0086, 2021-Ohio-2348, ¶ 27. Likewise, the Third District Court of Appeals has recognized that a "separation agreement is a contractual agreement." *Johnson v. Johnson*, 3d Dist. Hancock No. 5-07-34, 2008-Ohio-514, ¶ 12. In another case, the Fifth District, and the trial court, were apparently not persuaded by appellants' argument that no breach of contract action could exist because the separation agreement could only be enforced through a contempt proceeding. *Boulden v. Boulden*, 5th Dist. Richland No. 01-CA-21, 2001 WL 1194819, *1.

{¶16} A review of the caselaw on this topic demonstrates that courts have taken different approaches to explaining the rights and obligations parties have related to separation agreements. This is significant because, in order to issue a writ of prohibition, this Court must find that Judge Kimbler patently and unambiguously lacks jurisdiction to

act. Based upon our review of the caselaw, we cannot conclude that Judge Kimbler patently and unambiguously lacks jurisdiction to act.

{¶17} The procedural posture of the underlying case also merits further discussion. Mr. Gray first invoked the jurisdiction of the Medina County Court of Common Pleas when he filed a complaint that was based on, in the words of paragraph 8 of the complaint, "certain obligations [his ex-wife] breached in their Separation Agreement." In other words, Mr. Gray seeks to prohibit Judge Kimbler's further exercise of jurisdiction in the case that he filed based on his ex-wife's breach of the separation agreement.

{¶18} In addition, Mr. Gray contends, in paragraph 40 of his complaint, that Mr. Hamilton stands in the shoes of Mr. Gray's ex-wife. He concludes that remedies for breach of a separation agreement must be pursued in the Domestic Relations Division. Mr. Gray failed to point out in his complaint that he took a contrary position in the Domestic Relations Division. Although not mentioned in the prohibition complaint, Mr. Gray attached several of Judge Kimbler's orders which, as noted above, are incorporated into that complaint. In an order filed on November 30, 2020, Judge Kimbler responded to Mr. Gray's jurisdictional argument. The order points out that Mr. Hamilton initially filed a contempt motion in the Domestic Relations Court. In response, Mr. Gray argued that Mr. Hamilton could not pursue contempt and, instead, was required to file a compulsory counterclaim. Mr. Hamilton then dismissed his contempt action and filed the compulsory counterclaim.

{¶19} Judge Kimbler recognized that Mr. Gray adopted inconsistent positions, both in arguing that contempt was not an appropriate method of enforcing the separation agreement and, in fact, by filing his own action – the underlying civil complaint – to attempt to remedy his ex-wife's breach of the terms of the separation agreement.

{¶20} These observations further support our conclusion that, having viewed the facts alleged in the complaint as true and making all reasonable inferences in Mr. Gray's favor, it appears beyond doubt that Mr. Gray can prove no set of facts that would entitle him to the relief requested.

## Conclusion

{¶21} Because Mr. Gray can prove no set of facts that would entitle him to the relief requested, the petition is dismissed. Costs of this action are taxed to Relator. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JOSEPH J. TRISCARO, Attorney at Law, for Relator.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, Attorney at Law, for Respondent.