[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Gray v. Kimbler*, Slip Opinion No. 2022-Ohio-3937.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3937

STATE EX REL. GRAY, APPELLANT, *v*. KIMBLER, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Gray v. Kimbler*, Slip Opinion No. 2022-Ohio-3937.]

*Prohibition—R.C. 2301.03(U) does not apply to divest the general division of a common pleas court of subject-matter jurisdiction over domestic-relations matters—Relator has an adequate remedy in the ordinary course of the law—Court of appeals' judgment affirmed.*

(No. 2021-1216—Submitted March 29, 2022—Decided November 8, 2022.)

APPEAL from the Court of Appeals for Medina County, No. 20CA0077-M, 2021-Ohio-2868.

_____

**DEWINE, J.**

{¶ 1} This is an appeal from a decision denying a writ of prohibition. David Gray is engaged in a legal battle with his ex-wife's estate about the former spouses' monetary obligations under their separation agreement. He filed an action against

the estate in the general division of the Medina County Court of Common Pleas. But he now contends that an Ohio statute divests the general division of subject-matter jurisdiction over postdecree matters in divorce cases. He therefore seeks an order prohibiting the general-division judge from exercising further authority over some of the claims in the case.

{¶ 2} The statute Gray relies on does not divest the court of subject-matter jurisdiction. And Gray may challenge the judge's exercise of jurisdiction over his case in a direct appeal. Because he has an adequate legal remedy through appeal, he is not entitled to a writ of prohibition. We therefore affirm the judgment of the Ninth District Court of Appeals dismissing his complaint.

## I. The postdecree proceedings in the trial court

{¶ 3} Gray married Kelly Motta in 1993. They divorced in 2015. The couple's separation agreement was incorporated into a divorce decree issued by the Medina County Domestic Relations Court.

{¶ 4} After Motta died in 2018, Gray filed a claim with her estate to recover funds he said he was entitled to under the separation agreement. *See generally* R.C. 2117.06 (presentation of creditors' claims against an estate). The estate rejected his claim, so Gray brought an action against Motta's estate in the general division of the Medina County Court of Common Pleas. *See generally* R.C. 2117.12 (action on a claim rejected by the estate). Gray's complaint alleged that Motta had violated the terms of the separation agreement by failing to pay certain expenses. The estate filed a counterclaim against Gray, asserting that he had breached his own obligations under the agreement. Judge Joyce Kimbler presided over the case. *Gray v. Hamilton*, Medina County Common Pleas Court case No. 18 CIV 1005.

{¶ 5} The parties filed cross-motions for summary judgment. But before the trial court issued its decision, Gray raised a challenge to the court's subject-matter jurisdiction to hear the estate's counterclaim. Gray asserted that because the estate's breach-of-contract claim was based on a separation agreement that had been

incorporated into a divorce decree, the domestic-relations division had exclusive jurisdiction to hear that claim.[1] The trial court disagreed and held that it had subject-matter jurisdiction.

{¶ 6} On the summary-judgment motions, the estate conceded that Gray was entitled to $15,353.50, so the trial court awarded judgment in favor of Gray in that amount. But the trial court determined that there were genuine issues for trial that precluded summary judgment on Gray's remaining claims.

{¶ 7} The trial court granted partial summary judgment in favor of the estate on its counterclaims. The court determined that Gray owed the estate $152,800 for Motta's equity in the couple's Lahaina, Hawaii property. It also concluded that the estate was entitled to portions of Gray's employee stock options, 401(k) plan, and rollover individual retirement account and that the amounts owed should be determined at trial.

## II. The prohibition action

{¶ 8} Following the trial court's ruling on the summary-judgment motions, Gray filed a complaint for a writ of prohibition in the Ninth District Court of Appeals, seeking to prevent Judge Kimbler from taking further action on the estate's counterclaim.

{¶ 9} A writ of prohibition "prevents an inferior court from exceeding its jurisdiction." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). To establish a right to relief, Gray must show that Judge Kimbler is exercising judicial power, that the judge is not authorized by law to do so, and that Gray lacks an adequate remedy in the ordinary course of law to challenge the court's action. *See State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. In most cases, "a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that

---

1. Gray maintains that the general division nevertheless retained subject-matter jurisdiction over his action against the estate under R.C. 2117.12. We do not address that issue here.

jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5. We dispense with the adequate-remedy requirement only when the inferior court patently and unambiguously lacks subject-matter jurisdiction over a cause of action. *State ex rel. Ohio Edison Co. v. Parrott*, 73 Ohio St.3d 705, 707, 654 N.E.2d 106 (1995).

{¶ 10} Gray alleged in his complaint that the general division patently and unambiguously lacks subject-matter jurisdiction over the counterclaim and that exclusive jurisdiction over that claim is vested in the domestic-relations division. Judge Kimbler filed a motion to dismiss. The court of appeals granted Judge Kimbler's motion. It concluded that Gray had not shown that the general division patently and unambiguously lacked jurisdiction to hear the estate's counterclaim, and it therefore held that Gray had failed to establish entitlement to a writ under that narrow exception to the adequate-remedy requirement. 2021-Ohio-2868, ¶ 2, 16.

{¶ 11} Gray appealed to this court. Along with his merit brief, he filed a request for oral argument and a motion to stay the proceedings in the general division pending a final decision in this appeal. Gray has offered no compelling reason for this court to hear oral argument, so we deny that motion. *See* S.Ct.Prac.R. 17.02; *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15. And because we today decide this case on the merits, we deny the motion for stay as moot.

### A. There is no patent and unambiguous lack of jurisdiction

{¶ 12} We now turn to the merits of Gray's prohibition claim. There is no dispute that Judge Kimbler has exercised judicial power. And as we will explain below, Gray does not meaningfully dispute that he has an adequate legal remedy by way of an appeal from the trial court's judgment. This case therefore turns on the question whether Judge Kimbler patently and unambiguously lacks subject-matter jurisdiction to hear the estate's counterclaim. If Gray cannot establish a

patent lack of jurisdiction, then his remedy is to contest the trial court's exercise of jurisdiction through a direct appeal.

{¶ 13} We have explained that "[w]hen a court has the constitutional or statutory power to adjudicate a particular class or type of case, that court has subject-matter jurisdiction." *Ostanek v. Ostanek*, 166 Ohio St.3d 1, 2021-Ohio-2319, 181 N.E.3d 1162, ¶ 36, citing *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 14. The Ohio Constitution vests courts of common pleas with "such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." Ohio Constitution, Article IV, Section 4(B). We have understood the "provided by law" language to mean that the general subject-matter jurisdiction of the common pleas courts "is defined entirely by statute." *State v. Wilson*, 73 Ohio St.3d 40, 42, 652 N.E.2d 196 (1995).

{¶ 14} The General Assembly has given the courts of common pleas general subject-matter jurisdiction over "all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." R.C. 2305.01. Additionally, the legislature has expressly provided that "[t]he court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." R.C. 3105.011(A).

{¶ 15} In light of this broad grant of authority, we have explained that when a court of common pleas patently and unambiguously lacks jurisdiction to hear a case, "it is almost always because a statute explicitly removed that jurisdiction." *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 9. A statutory grant of exclusive jurisdiction over a specific type of case to another court, office, or agency divests the common pleas court of jurisdiction over that type of case. *See Ostanek* at ¶ 29.

**{¶ 16}** Gray contends that a different statute has divested the general division of jurisdiction over postdecree proceedings in divorce cases. He says that R.C. 2301.03(U) grants exclusive jurisdiction over such proceedings to the domestic-relations division. We disagree.

**{¶ 17}** R.C. 2301.03(U) provides that the domestic-relations judge

> shall be *assigned* all divorce, dissolution of marriage, legal separation, and annulment cases * * * and all post-decree proceedings and matters arising from those cases and proceedings, except in cases that for some special reason are assigned to another judge of the court of common pleas.

(Emphasis added.) This language does not address the domestic-relations court's "jurisdiction" over postdecree proceedings. In fact, on the topic of jurisdiction, the statute says the opposite of what Gray suggests. It provides that the domestic-relations judge "shall have the same qualifications, *exercise the same powers and jurisdiction*, and receive the same compensation as other judges of the court of common pleas." (Emphasis added.) *Id.*

**{¶ 18}** R.C. 2301.03(U) contains no language indicating that the domestic-relations court possesses exclusive jurisdiction over the matters assigned to it. Instead, it says that the domestic-relations judge has "the same powers and jurisdiction" as other common-pleas-court judges. *Id.* Indeed, it is difficult to see how R.C. 2301.03(U) could be read to divest the general division of subject-matter jurisdiction over domestic-relations matters when the statute expressly provides that general-division judges may hear such cases if "some special reason" necessitates it, *id.* Gray has thus failed to establish that the general division patently and unambiguously lacks subject-matter jurisdiction over the estate's counterclaim.

*B. Gray has an adequate remedy at law*

{¶ 19} Gray's central argument is that the general division lacks subject-matter jurisdiction. But he briefly asserts that even if the trial court has jurisdiction, he nevertheless has no adequate legal remedy to challenge the court's judgment. Gray does not dispute that he may appeal the judgment. Rather, his argument is premised on the harms he claims he will suffer as a result of the court's order—specifically, harm to his reputation and harm from having to sell the Hawaii property to cover the amount of the judgment owed. But these sorts of generalized harms are often present in the litigation process and are not sufficient to establish that an appeal is an inadequate legal remedy. *See State ex rel. Lyons v. Zaleski*, 75 Ohio St.3d 623, 626, 665 N.E.2d 212 (1996) ("contentions that appeal from [an] adverse final judgment would be inadequate due to time and expense are without merit"); *State ex rel. Woodbury v. Spitler*, 34 Ohio St.2d 134, 137, 296 N.E.2d 526 (1973) ("Extraordinary remedies * * * are available only when usual forms of procedure are incapable of affording relief"). Indeed, Gray sets forth no explanation for why he could not obtain relief through the normal course of appeal following a final judgment by the general division. We therefore have little difficulty concluding that Gray has an adequate remedy at law.

{¶ 20} To sum up, the general division does not patently and unambiguously lack subject-matter jurisdiction to hear postdecree matters in divorce cases. And there is no need for us to decide at this juncture whether the case should have been assigned to the domestic-relations division under R.C. 2301.03(U) or whether any prejudice resulted from the case being adjudicated in the general division. Our general rule is that "absent a patent and unambiguous lack of jurisdiction, a writ of prohibition should not be granted when a party can appeal the lower court's order." *Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, at ¶ 15. Gray may appeal the matter and challenge Judge

Kimbler's exercise of judicial power over the postdecree proceedings. Our analysis ends there.

### III. Conclusion

{¶ 21} The general division does not patently and unambiguously lack subject-matter jurisdiction and Gray has an adequate legal remedy by way of direct appeal. We therefore affirm the judgment of the court of appeals dismissing Gray's complaint for a writ of prohibition.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Triscaro & Associates, Ltd., and Joseph J. Triscaro, for appellant.

S. Forrest Thompson, Medina County Prosecuting Attorney, and Vincent V. Vigluicci, Assistant Prosecuting Attorney, for appellee.

_____