[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Heyside v. Calabrese*, Slip Opinion No. 2023-Ohio-406.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-406

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Heyside v. Calabrese*, Slip Opinion No. 2023-Ohio-406.]**

*Prohibition—General division of common pleas court does not patently and unambiguously lack subject-matter jurisdiction over former spouse's lawsuit to enforce terms of separation agreement incorporated into divorce decree—Court of appeals' judgment denying writ affirmed.*

(No. 2022-0493—Submitted January 10, 2023—Decided February 15, 2023.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 111200, 2022-Ohio-1245.

_____

**Per Curiam.**

{¶ 1} Appellant, Neil Heyside, appeals the judgment of the Eighth District Court of Appeals dismissing his complaint for a writ of prohibition to prevent appellee, Cuyahoga County Common Pleas Court Judge Deena R. Calabrese, from

exercising jurisdiction in *Heyside v. Heyside*, Cuyahoga C.P. No. CV-21-954944. We affirm.

## I. BACKGROUND

{¶ 2} In July 2016, the Cuyahoga County Court of Common Pleas, Division of Domestic Relations, entered a judgment of divorce between Neil and Erica Heyside in Cuyahoga C.P. No. DR-15-359689. The divorce decree incorporated a separation agreement that was previously entered into by the parties.

{¶ 3} The divorce decree ordered Neil to pay spousal support in the amount of $10,500 a month for 60 months, plus a 2 percent processing charge. The decree also obliged Neil to pay Erica $75,000, in five annual installments of $15,000, for the repayment of school fees and tuition paid by Erica on behalf of their children. As of the date of the divorce decree, Neil was not in arrears with respect to any payment owed to Erica.

{¶ 4} In October 2021, Erica sued Neil in the general division of the common pleas court. Cuyahoga C.P. No. CV-21-954944. She alleges that Neil owes her $486,679.06 in spousal support and for property division under the divorce decree. Neil filed a motion to dismiss, arguing that R.C. 3105.10(B)(3) vests the domestic-relations division with exclusive jurisdiction to enforce the divorce decree. The trial court denied the motion.

{¶ 5} On January 12, 2022, Neil filed a complaint for a writ of prohibition in the Eighth District Court of Appeals seeking to have Judge Calabrese barred from continuing to exercise judicial power over Erica's suit. On April 8, 2022, the Eighth District granted Judge Calabrese's motion to dismiss Neil's complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. 2022-Ohio-1245, ¶ 26. Neil appealed.

## II. LEGAL ANALYSIS

{¶ 6} To state a claim for a writ of prohibition, Neil had to allege the exercise of judicial power by Judge Calabrese, the lack of authority for Judge

Calabrese to exercise that power, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. However, if the absence of jurisdiction is patent and unambiguous, he need not establish the lack of an adequate remedy at law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15. We review de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6). *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382, ¶ 10. The first element of the analysis, the exercise of judicial power, is not in dispute. And Neil does not dispute that he has an adequate remedy at law by way of appeal from an adverse judgment that may be entered against him by Judge Calabrese. The sole issue, therefore, is whether the general division of the common pleas court patently and unambiguously lacks jurisdiction over Erica's suit.

### A. *State ex rel. Gray v. Kimbler*

{¶ 7} While this case was pending, we announced our decision in *State ex rel. Gray v. Kimbler*, __ Ohio St.3d __, 2022-Ohio-3937, __ N.E.3d __. The relator in *Gray* filed a complaint for a writ of prohibition in the Ninth District Court of Appeals in which he argued that R.C. 2301.03(U) confers exclusive jurisdiction over the enforcement of incorporated separation agreements upon the domestic-relations division of the court of common pleas in Medina County. *State ex rel. Gray v. Kimbler*, 9th Dist. Medina No. 20CA0077-M, 2021-Ohio-2868, ¶ 13. R.C. 2301.03(U) provides that in Medina County, the domestic-relations-division judge "shall be assigned all divorce, dissolution of marriage, legal separation, and annulment cases, * * * and all post-decree proceedings and matters arising from those cases and proceedings," subject to exceptions that are not applicable here. The court of appeals dismissed the complaint for failure to state a claim, holding that the separation agreement constitutes a contract and therefore the general

division did not patently and unambiguously lack jurisdiction to act. *Gray*, 2021-Ohio-2868, at ¶ 14-16, 21.

{¶ 8} We affirmed, but for a different reason. Our analysis in *Gray* began by noting that the courts of common pleas are vested by statute with " 'full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters.' " *Gray*, __ Ohio St.3d __, 2022-Ohio-3937, __ N.E.3d __, at ¶ 14, quoting R.C. 3105.011(A). We therefore reaffirmed the settled rule that "when a court of common pleas patently and unambiguously lacks jurisdiction to hear a case, 'it is almost always because a statute explicitly removed that jurisdiction.' " *Id*. at ¶ 15, quoting *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 9. We then rejected the relator's argument that R.C. 2301.03(U) divested the general division of the Medina County Court of Common Pleas of subject-matter jurisdiction, *id*. at ¶ 16, noting that the language providing for the *assignment of cases* to the domestic-relations-division judge does not purport to grant the domestic-relations division exclusive *jurisdiction* over those cases, *id*. at ¶ 17. To the contrary, we observed that R.C. 2301.03(U) "provides that the domestic-relations judge 'shall have the same qualifications [and] *exercise the same powers and jurisdiction* * * * as other judges of the court of common pleas.' " (Brackets and ellipsis added; emphasis added in *Gray*.) *Id*., quoting R.C. 2301.03(U). Finding no patent and unambiguous lack of jurisdiction in the general division of the Medina County Common Pleas Court, we concluded that prohibition would not lie, because Gray had an adequate remedy at law from the general division's exercise of jurisdiction by way of a direct appeal. *Id*. at ¶ 20-21.

{¶ 9} Neil filed his briefs in this case while the appeal in *Gray* was pending in this court. However, citing to the Ninth District Court of Appeals' decision, he attempted to distinguish *Gray* from this case. Rather than relying on R.C. 2301.03(U), Neil relies on two other legal authorities—one judicial and one

statutory—neither of which were cited by Gray in his appeal. Neil's arguments lack merit.

## B. *Wolfe v. Wolfe*

{¶ 10} Neil's first argument is based on *Wolfe v. Wolfe*, 46 Ohio St.2d 399, 350 N.E.2d 413 (1976), *superseded by statute as stated in Morris v. Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.3d 664, ¶ 28. The issue in *Wolfe* was whether a trial court could revise or cancel an alimony obligation in a divorce decree if the decree did not contain an express reservation of continuing jurisdiction. We held that the reservation of continuing jurisdiction was implicit. *Id*. at paragraph two of the syllabus. Further, we held that a separation agreement "loses its nature as a contract the moment it is adopted by the court and incorporated into a decree of divorce." *Id*. at paragraph four of the syllabus. Neil contends that although other aspects of *Wolfe* have been superseded by statute and some lower courts have rejected paragraph four of the syllabus, paragraph four of *Wolfe*'s syllabus remains good law. And if that paragraph remains good law, he argues, then it follows that a party to a separation agreement cannot pursue contract remedies in the general division of a common pleas court.

{¶ 11} *Wolfe* concerned a divorce decree that incorporated a separation agreement requiring support and maintenance payments. *Id*. at 400. The decree did not include an express reservation of continuing jurisdiction. The husband later sought and was granted an order relieving him of any future support obligations based on changed circumstances. *Id*. at 400-401.

{¶ 12} *Wolfe* used the term "alimony" to refer to payments for both the division of marital property and sustenance. With respect to the latter, we observed that the Revised Code's guidance regarding alimony was of "little relevance" for sustenance awards, *id*. at 414, and instead it was left primarily to the discretion of the court to determine whether sustenance payments were needed, and if so, in what amounts and for what duration. *Id*.

**{¶ 13}** And because "[a]ny grant of 'alimony' for sustenance is necessarily co-extensive with the court's determination that it is needed and warranted," "authentication and supervision is accomplished through the continuing jurisdiction of the court." *Id.* In other words, we held that the trial court had continuing jurisdiction to revise the sustenance award based on its own determination of the parties' needs, irrespective of the terms of the separation agreement. *Id.* at 419 ("where an alimony award is for support only, is for an indefinite amount, and where there is no property settlement, or if there is such a settlement, the support award is independent thereof, the jurisdiction of the court to modify will be implied in the decree irrespective that such support order is based upon an agreement of the parties").

**{¶ 14}** *Wolfe* proceeded to consider the diverging views then present concerning the "inviolability of an alimony decree." 46 Ohio St.2d at 416, 350 N.E.2d 413. It endorsed the theory that "provisions of a divorce decree for periodic payments of alimony are subject to modification * * * [because] the agreement loses its nature as a contract the moment it is adopted by the court and *merged* into the decree by incorporation." (Footnote omitted; emphasis sic.) *Id.* at 416-417, citing Annotation, *Divorce: Power of Court of Modify Decree for Alimony or Support of Spouse Which Was Based on Agreement of the Parties*, 61 A.L.R.3d 520 (1975). Therefore, " 'alimony' is not a contractual obligation" and "contract rights are not impaired by future modification of decretal alimony provisions." *Id.* at 418.

**{¶ 15}** Following *Wolfe*, the General Assembly added division (D) to R.C. 3105.18, which provided in part:

> If a continuing order for periodic payments of money as alimony is entered in a divorce * * * action * * * , the court that enters the decree of divorce * * * does not have jurisdiction to modify the amount or terms of the alimony unless the court

determines that the circumstances of either party have changed and unless one of the following applies:

(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony.

*See* Am.H.B. No. 358, 141 Ohio Laws, Part II, 3388, 3389; *see also Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, ¶ 23 (tracing the legislative history of former R.C. 3105.18(D)).[1]  Thus, *Wolfe*'s invocation of implied continuing jurisdiction is no longer good law.  *Mandelbaum* at ¶ 24; *see also Morris v. Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.3d 664, ¶ 63 (holding that the trial court does not have jurisdiction under Civ.R. 60(B) to vacate or modify an award of spousal support when the divorce decree does not contain a reservation of continuing jurisdiction).  As stated in *Morris*, "[t]he General Assembly swept away all the common law enunciated in *Wolfe*."  *Id.* at ¶ 28.

{¶ 16} Here, Neil contends that subsequent statutes and caselaw abrogated only that portion of *Wolfe* that recognized an implied reservation of jurisdiction.  According to Neil, paragraph four of the syllabus in *Wolfe*—which provides that a separation agreement "loses its nature as a contract the moment it is adopted by the court and incorporated into a decree of divorce"—has not been overruled and remains good law.

{¶ 17} But *Wolfe* made that statement in a specific context: whether an alimony obligation set forth in a divorce decree was subject to future *modification*, and if so, under what circumstances.  When *Wolfe* eschewed a contract theory of

---

1. Former R.C. 3105.18(D) was redesignated as division (E) of that section, effective January 1, 1991.  Am.Sub.H.B. No. 514, 143 Ohio Laws, Part III, 5426, 5457.

alimony, it did so to make the point that the issuing court had discretion to modify the terms—with respect to sustenance payments—in the interests of justice. The question presented in this case does not concern a prospective *modification* of the decree, but rather, it asks who has jurisdiction to *enforce* the decree. We see nothing in *Wolfe* to suggest that the domestic-relations division has exclusive subject-matter jurisdiction to enforce the parties' obligations. That question was simply not before us in *Wolfe*.

{¶ 18} In summary, we hold that *Wolfe* does not provide any basis for a writ of prohibition to issue in this case.

### C. R.C. 3105.10(B)

{¶ 19} Alternatively, in support of his claim that the domestic-relations division has exclusive jurisdiction over Erica's suit, Neil points to R.C. 3105.10(B), which provides:

(1) A separation agreement providing for the support of children eighteen years of age or older is enforceable by the court of common pleas.

(2) A separation agreement that was voluntarily entered into by the parties may be enforceable by the court of common pleas upon the motion of either party to the agreement, if the court determines that it would be in the interests of justice and equity to require enforcement of the separation agreement.

(3) If a court of common pleas has a division of domestic relations, all cases brought for enforcement of a separation agreement under division (B)(1) or (2) of this section shall be assigned to the judges of that division.

According to Neil, reading divisions (B)(2) and (3) together leads to the conclusion that "all cases brought for enforcement of a separation agreement shall be assigned to the judges of" the domestic-relations division.

{¶ 20} As with the statute in *Gray*, __ Ohio St.3d __, 2022-Ohio-3937, __ N.E.3d __, the statutory language in R.C. 3105.10(B)(3) requiring that certain matters be *assigned* to the domestic-relations division does not purport to grant exclusive jurisdiction to the domestic-relations division or otherwise divest the general division of subject-matter jurisdiction over those matters. Thus, the general division does not patently and unambiguously lack subject-matter jurisdiction over Erica's suit. And Neil has an adequate remedy at law to challenge any error in the general division's exercise of jurisdiction over the case. As noted above, Neil filed a motion to dismiss in the general-division case in which he argued that R.C. 3105.10(B)(3) requires that the matter be heard by a domestic-relations-division judge. That claim is appropriately resolved through the normal course of a direct appeal.

### III. CONCLUSION

{¶ 21} No statute plainly deprives the general division of the Cuyahoga County Common Pleas Court of jurisdiction over Erica's suit, and Neil has an adequate remedy by way of a direct appeal from a final disposition of that suit by Judge Calabrese. Therefore, prohibition will not lie. We affirm the judgment of the Eighth District Court of Appeals dismissing the complaint for a writ of prohibition for failure to state a claim.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Lester S. Potash, for appellant.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, for appellee.

_____