**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jones v. Paschke*, Slip Opinion No. 2024-Ohio-135.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-135

THE STATE EX REL. JONES, APPELLANT, *v*. PASCHKE, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jones v. Paschke*, Slip Opinion No. 2024-Ohio-135.]**

*Prohibition—General division of common pleas court has jurisdiction over appellant's former mother-in-law's complaint seeking companionship and visitation with appellant's child under R.C. 3109.11—Appellant has adequate remedy in ordinary course of law by appeal to challenge appointment of guardian ad litem in former mother-in-law's case—Court of appeals' judgment denying petition affirmed.*

(No. 2023-0611—Submitted December 12, 2023—Decided January 18, 2024.)

APPEAL from the Court of Appeals for Geauga County,

No. 22-G-0037, 2023-Ohio-1536.

_____

**Per Curiam.**

{¶ 1} Appellant, Jeremy J. Jones, filed a petition for a writ of prohibition in the Eleventh District Court of Appeals against appellee, Judge Carolyn J. Paschke of the Geauga County Court of Common Pleas, General Division. Jones argues that Judge Paschke lacks jurisdiction over a case filed by Jones's former mother-in-law for grandparent companionship and visitation rights with Jones's child. He also argues that Judge Paschke lacks jurisdiction to appoint a guardian ad litem in the case. The Eleventh District granted Judge Paschke's motion for summary judgment and denied Jones's petition, and Jones has appealed. We affirm the Eleventh District's judgment denying the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} The Geauga County Court of Common Pleas consists of two divisions: (1) the General Division, which hears domestic-relations cases ("the general division"), and (2) a combined Probate and Juvenile Division ("the juvenile division"). *See* R.C. 2151.011(A)(1)(c) ("juvenile court" means the probate division of the court of common pleas unless another statutory provision applies); R.C. 2301.03 (no separate domestic-relations judge for Geauga County); Ohio Constitution, Article IV, Section 4(C) ("Unless otherwise provided by law, there shall be a probate division and such other divisions of the courts of common pleas as may be provided by law").

{¶ 3} Jeremy Jones married Molly Jones in April 2015, and in December 2015, Molly gave birth to their son, B.J. In 2019, Molly filed for divorce in the general division. On July 2, 2022, while the divorce proceedings were pending, Molly passed away. The divorce case was dismissed on July 6.

{¶ 4} On July 12, 2022, B.J.'s maternal grandmother, Heidi O'Neill, filed a complaint against Jones in the general division for "grandparent companionship/visitation time" with B.J. Jones filed a motion to dismiss, arguing that the general division lacks jurisdiction over the complaint; Judge Paschke

denied the motion. O'Neill filed a motion for appointment of a guardian ad litem, which Judge Paschke granted.

**{¶ 5}** In September 2022, Jones filed a petition for a writ of prohibition in the Eleventh District. Jones argued that the general division lacks jurisdiction over complaints for grandparent companionship and visitation rights and that O'Neill's complaint should have been filed in the juvenile division. He also argued that Judge Paschke lacks jurisdiction to appoint a guardian ad litem. Judge Paschke filed a motion for summary judgment. The Eleventh District granted the motion and denied Jones's petition. Jones appeals as of right.

## II. LEGAL ANALYSIS

### A. Legal standards

**{¶ 6}** We review de novo a court of appeals' order granting summary judgment in a prohibition action. *State ex rel. Novak, L.L.P. v. Ambrose*, 156 Ohio St.3d 425, 2019-Ohio-1329, 128 N.E.3d 209, ¶ 8. "Summary judgment is appropriate when 'there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law.' " (Ellipsis sic.) *Id.*, quoting Civ.R. 56(C).

**{¶ 7}** To be entitled to a writ of prohibition, Jones must show that (1) Judge Paschke exercised or is going to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *Id.* at ¶ 9. If Judge Paschke patently and unambiguously lacks subject-matter jurisdiction, Jones need not establish the lack of an adequate legal remedy. *Schlegel v. Sweeney*, 171 Ohio St.3d 1, 2022-Ohio-3841, 215 N.E.3d 451, ¶ 6. Here, the parties do not dispute that Judge Paschke is exercising judicial power in the companionship-and-visitation case.

*B. The general division has jurisdiction over O'Neill's case*

**{¶ 8}** Jones argues that Judge Paschke—a judge of the general division—lacks subject-matter jurisdiction over O'Neill's companionship-and-visitation case and that only the juvenile division has subject-matter jurisdiction over the case. We disagree.

**{¶ 9}** R.C. 3105.011(A) provides that the "court of common pleas[,] including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters," and R.C. 3105.11(B)(2) defines "domestic relations matters" as including actions and proceedings under R.C. Chapter 3109. R.C. Chapter 3109—specifically, R.C. 3109.11—authorizes the filing of complaints for grandparent companionship and visitation if a parent of the child is deceased. The procedures authorized by R.C. 3109.11 therefore fall within the terms of R.C. 3105.011. The Geauga County Court of Common Pleas does not have a separate domestic-relations division, but R.C. 3105.011 grants jurisdiction to general divisions of courts of common pleas as well. *See also State ex rel. Gray v. Kimbler*, 169 Ohio St.3d 424, 2022-Ohio-3937, 205 N.E.3d 494, ¶ 14-15. Therefore, the general division has jurisdiction over O'Neill's complaint pursuant to R.C. 3105.011.

**{¶ 10}** In addition, R.C. 3109.11 gives general divisions of courts of common pleas jurisdiction over grandparents' complaints requesting companionship or visitation. It provides:

> If either the father or mother of an unmarried minor child is deceased, the court of common pleas of the county in which the minor child resides may grant the parents and other relatives of the deceased father or mother reasonable companionship or visitation rights with respect to the minor child during the child's minority if the parent or other relative files a complaint requesting reasonable

4

companionship or visitation rights and if the court determines that the granting of the companionship or visitation rights is in the best interest of the minor child.

{¶ 11} The statute requires that the complaint be brought in "the court of common pleas of the county in which the minor child resides." *Id.* It does not specify that the complaint must be brought in a juvenile court or any other particular division of the court of common pleas. The legislature knows how to specify that a complaint must be brought in juvenile court, and many other statutes so require. *See, e.g.*, R.C. 2151.85 (complaint of minor seeking to have abortion without parental notification); R.C. 2152.021 (complaint alleging that child is delinquent); R.C. 3109.76 (complaint of grandparent seeking custody); R.C. 3321.19(D)(2) (school-attendance officer's complaint alleging that minor is a habitual truant). It did not do so in R.C. 3109.11.

{¶ 12} The general division has jurisdiction over O'Neill's complaint pursuant to R.C. 3105.011 and 3109.11.

{¶ 13} Jones argues that R.C. 2151.23(A)(2) divests the general division of jurisdiction over O'Neill's complaint and gives the juvenile division exclusive jurisdiction. R.C. 2151.23(A)(2) provides that with certain exceptions not relevant here, juvenile courts shall have exclusive, original jurisdiction "to determine the custody of any child not a ward of another court of this state."

{¶ 14} O'Neill's complaint, however, seeks companionship and visitation with B.J.—not custody. Visitation and custody are distinct legal concepts. *In re Gibson*, 61 Ohio St.3d 168, 171, 573 N.E.2d 1074 (1991). " 'Custody' resides in the party or parties who have the right to ultimate legal and physical control of a child. 'Visitation' resides in a noncustodial party and encompasses that party's right to visit the child." *Id.*; *see also* R.C. 2151.011(B)(21) (defining "legal custody"). A grandparent's complaint for visitation with a grandchild is therefore

not a matter involving the determination of custody. *See Gibson* at 171. Although *Gibson* does not explicitly discuss complaints seeking companionship, companionship is also distinct from custody and is generally treated similarly to visitation. *See, e.g.*, *In re A.G.*, 2020-Ohio-2762, 154 N.E.3d 439, ¶ 44 (6th Dist.); *Murray v. Welch*, 11th Dist. Portage No. 98-P-0030, 1999 Ohio App. LEXIS 4657, *11 (Sept. 30, 1999) ("companionship and visitation rights * * * are not issues of custody"); *see also Braatz v. Braatz*, 85 Ohio St.3d 40, 41-42, 706 N.E.2d 1218 (1999) (referring to a trial-court order that granted "companionship" as granting "visitation"). R.C. 2151.23(A)(2) is not applicable to O'Neill's complaint.

{¶ 15} Because the general division has jurisdiction to decide complaints seeking grandparent companionship and visitation filed under R.C. 3109.11, Jones is not entitled to a writ of prohibition precluding Judge Paschke from exercising jurisdiction over the case.

### C. Jones has an adequate remedy in the ordinary course of the law to contest Judge Paschke's appointment of a guardian ad litem

{¶ 16} Jones also argues that Judge Paschke lacks jurisdiction to appoint a guardian ad litem, and he seeks a writ of prohibition precluding the appointment in O'Neill's case. Jones is correct that R.C. 3109.11 does not explicitly authorize a court to appoint a guardian ad litem in grandparent companionship and visitation cases. Nor do divisions (C), (D), (K), or (L) of R.C. 3109.051, which apply to such cases. *See* R.C. 3109.11. Judge Paschke's order appointing the guardian ad litem in O'Neill's case does not cite a particular statute as authorizing the appointment, and neither do the Eleventh District's opinion nor Judge Paschke's merit brief filed here. Rather, Judge Paschke argues—and the Eleventh District held—that Jones has an adequate remedy in the ordinary course of the law to challenge the appointment through appeal. We agree.

{¶ 17} Because Judge Paschke does not patently and unambiguously lack subject-matter jurisdiction over O'Neill's case, Jones is entitled to a writ of

6

prohibition only if the appointment of the guardian ad litem was not authorized by law and Jones lacks an adequate remedy in the ordinary course of the law. *See Gray*, 169 Ohio St.3d 424, 2022-Ohio-3937, 205 N.E.3d 494, at ¶ 9. For an alternate remedy to constitute an adequate remedy in the ordinary course of the law, it must be "complete, beneficial, and speedy." *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 119 Ohio St.3d 11, 2008-Ohio-3181, 891 N.E.2d 320, ¶ 14. Jones cites cases for the proposition that an appeal is not an adequate remedy in cases involving parenting time. *See State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184; *Kallet v. Wilgus*, 5th Dist. Tuscarawas No. 2021 AP 01 0004, 2021-Ohio-1637. These cases, however, involved determinations of custody, not companionship and visitation. The danger we identified in *V.K.B.*— that a child could be removed from his or her parent for several years pending an appellate decision, *see V.K.B.* at ¶ 23—is not present here.

{¶ 18} And even if the logic of these cases applied to companionship and visitation cases, Jones is challenging only Judge Paschke's appointment of a guardian ad litem. A guardian ad litem makes *recommendations* to the court, *see* Sup.R. 48.03(A)(1), and the guardian's report "shall not be considered determinative," Sup.R. 48.06(A)(3). Judge Paschke, when determining whether to grant companionship and/or visitation to O'Neill, must consider numerous factors, s*ee* R.C. 3109.051(D)(1) through (16), and Jones will have the opportunity to file his own evidence and briefs regarding these factors. Jones can appeal the appointment of the guardian ad litem as part of any appeal he brings from Judge Paschke's final judgment granting or denying grandparent companionship and/or visitation, and this constitutes an adequate remedy in the ordinary course of the law.

{¶ 19} Because Jones has an adequate remedy in the ordinary course of the law to challenge Judge Paschke's appointment of the guardian ad litem in O'Neill's case, he is not entitled to a writ of prohibition precluding the appointment.

### III. CONCLUSION

{¶ 20} Judge Paschke does not lack subject-matter jurisdiction over O'Neill's complaint for grandparent companionship and visitation. In addition, Jones has an adequate remedy in the ordinary course of the law to challenge Judge Paschke's appointment of a guardian ad litem. We therefore affirm the Eleventh District Court of Appeals' judgment granting Judge Paschke's motion for summary judgment and denying Jones's petition for a writ of prohibition.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Stafford Law Co., L.P.A., Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring, for appellant.

James R. Flaiz, Geauga County Prosecuting Attorney, and Linda M. Applebaum, Assistant Prosecuting Attorney, for appellee.

_____