**[Cite as *In re J.U.*, 2026-Ohio-34.]**

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | |
|---|---|
| IN RE J.U. | : |
| A Minor Child | : |
| | No. 114400 |
| [Appeal by L.U., Mother] | : |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 8, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA-19108828

***Appearances:***

L.U., *pro se.*

Eric M. Levy, *for appellee*s L.H. and J.H.

Cordell | Cordell and Heather L. Early, *for appellee* J.R.

ANITA LASTER MAYS, J.:

## I. INTRODUCTION

**{¶ 1}** This appeal arises from the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, which overruled in part and sustained in part Mother's objections and adopted the magistrate's decision with modifications,

awarding limited companionship rights to L.H. and J.H., the paternal grandparents ("the grandparents") of the minor child, J.U. ("child"). Appellant L.U. ("Mother") challenges the trial court's September 11, 2024 journal entry. For the reasons that follow, the judgment of the trial court is affirmed.

## II. FACTUAL AND PROCEDURAL HISTORY

{¶ 2} The child is the biological son of Mother and J.R. ("Father"). After Mother discovered that Father had unconsented, sexually private photos of her children from a prior relationship, the parents separated. Father was subsequently convicted of these offenses and sentenced to a one-year prison term on May 25, 2022. On August 5, 2022, while incarcerated, Father voluntarily dismissed his pending application to establish parental rights and responsibilities for the child.

{¶ 3} On September 7, 2022, the grandparents filed a complaint under R.C. 3109.12 seeking companionship time with the child. The juvenile court held a two-day hearing beginning April 23, 2024. The grandparents presented evidence of a prior close relationship with the child that had ceased following Father's criminal charges. Mother, representing herself, opposed the motion.

{¶ 4} The magistrate issued a decision on May 7, 2024, awarding the grandparents biweekly 30-minute virtual or phone contact with the child. Mother filed timely objections under Juv.R. 40(D)(3)(b), along with a motion to stay the visitation order. She subsequently requested leave to supplement her objections with the trial transcript. On September 11, 2024, the trial court overruled most

objections, sustained some in part, and adopted the magistrate's decision with minor modifications. Mother filed her notice of appeal on September 24, 2024.

{¶ 5} During the proceedings, Mother filed several additional motions, including a request to modify companionship time, a motion to dismiss Father's later application for custody, a motion to terminate Father's parental rights, and an application for sole legal custody. Mother also notified the trial court of a pending adoption petition in Lorain County Probate Court (Case No. AD2400066). On November 27, 2024, the trial court denied all pending motions.

{¶ 6} On June 2, 2025, Mother moved to stay enforcement of all juvenile court orders, including visitation, pending resolution of the adoption case. The trial court granted the stay on July 2, 2025, concluding that continued visitation was not in the child's best interest during the adoption proceedings. Mother appeals raising three assignments of error.

### Assignment of Error No. 1

The trial court erred when it did not provide Mother with a final appealable order.

### Assignment of Error No. 2

The trial court erred when it approved the magistrate's decision without conducting an independent review as required by Juv.R. 40(D)(4).

### Assignment of Error No. 3

The trial court abused its discretion when it inappropriately analyzed companionship time pursuant to the factors set forth in division (D) of the Revised Code 3109.051, giving undue weight to the paternal grandparent's desires over Mother's concerns and failing to adequately

assess potential harm to the minor child from the companionship time granted.

## III. STANDARDS OF REVIEW

**{¶ 7}** Appellate courts in Ohio have jurisdiction to review only final appealable orders. *See* Ohio Const., art. IV, § 3(B)(2); R.C. 2501.02. Whether a judgment constitutes a final appealable order is a question of law, reviewed de novo. *Rae-Ann Suburban, Inc. v. Wolfe*, 2019-Ohio-1451, ¶ 9 (8th Dist.); *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88 (1989).

**{¶ 8}** When a party files objections to a magistrate's decision, the trial court must conduct a de novo review of the underlying factual and legal issues. *In re A.C.*, 2019-Ohio-5127, ¶ 18 (8th Dist.). The court may not simply defer to the magistrate's findings but must conduct its own independent evaluation of the evidence and applicable law before entering judgment because a magistrate serves as an arm of the court, not as an independent adjudicator.

**{¶ 9}** Once the trial court satisfies its obligations under Juv.R. 40(D), its judgment is reviewed on appeal for an abuse of discretion and will not be reversed absent a showing that the decision was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). This standard also governs appellate review of a trial court's decision to grant or deny a nonparent's motion for companionship rights. *E.g.*, *In re Flynn,* 2021-Ohio-4456, ¶ 15 (10th Dist.); *In re A.B.,* 2016-Ohio-2891, ¶ 39 (12th Dist.).

## IV. ANALYSIS

### A. Final Appealable Order

{¶ 10} In her first assignment of error, Mother contends that the juvenile court's September 11, 2024 journal entry, which overruled in part and sustained in part her objections to the magistrate's decision, merely adopted the magistrate's decision without entering an independent judgment. She argues this court lacks jurisdiction because the juvenile court did not enter a final appealable order under R.C. 2505.02.

{¶ 11} Pursuant to R.C. 2505.02(B)(2), a final order includes one that "affects a substantial right made in a special proceeding." A "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).

{¶ 12} A "substantial right" is one that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect. R.C. 2505.02(A)(1). A right is deemed affected only when immediate appellate review is necessary to preserve it. *E.A.K.M. v. M.A.M.*, 2025-Ohio-2946, ¶ 13. Parental rights, including the fundamental right to make decisions concerning the care, custody, and control of one's child, are substantial rights protected by law. *In re Murray*, 52 Ohio St.3d 155, 157 (1990). Since companionship actions under R.C. 3109.11 and 3109.12 are specially created by statute and were unknown to common law before 1853, they are considered special proceedings. *See Davis v. Nathaniel*, 2022-Ohio-751, ¶ 8.

{¶ 13} This case involves a companionship action under R.C. 3109.12, that is a special proceeding affecting a substantial right. An order that grants, denies, or limits companionship or visitation necessarily implicates a parent's constitutionally protected interest in the care, custody, and control of their child. *In re Murray* at ¶ 157.

{¶ 14} Visitation and custody are related but distinct legal concepts. *State ex rel. Jones v. Paschke*, 2024-Ohio-135, ¶ 14; *In re Gibson*, 61 Ohio St.3d 168, 171 (1991). "Custody resides in the party or parties who have the right to ultimate legal and physical control of a child. Visitation resides in a noncustodial party and encompasses that party's right to visit the child." *In re A.M.S.,* 2019-Ohio-3181, ¶ 28 (8th Dist.).

{¶ 15} Here, the grandparents sought companionship rights under R.C. 3109.12, and the juvenile court, following a two-day hearing, issued a final judgment granting them limited biweekly 30-minute virtual or telephonic visitation. The trial court's entry fully resolved the grandparents' request and overruled Mother's objections, thereby disposing of the matter. Because the judgment determined the sole claim before the court and directly affected Mother's fundamental rights as a parent, it constitutes a final appealable order under R.C. 2505.02(B)(2). *See In re T.S.*, 2018-Ohio-49, ¶ 9 (4th Dist.).

{¶ 16} Mother's first assignment of error is overruled.

### B. Independent Review

{¶ 17} Mother argues in her second assignment of error that the trial court failed to conduct an independent review of the magistrate's decision as required by Juv.R. 40(D)(4). When timely objections are filed, the trial court must independently review the objected matters and enter its own judgment. The question is not whether the trial court used particular words, but whether the record demonstrates that the court exercised independent judgment rather than merely "rubber-stamping" the magistrate's decision.

{¶ 18} Here, the judgment entry does more than adopt the magistrate's decision in conclusory fashion. The entry identifies the magistrate's decision and Mother's objections, states that the court conducted an independent review, and then overrules the objections in part and sustains them in part while adopting the magistrate's decision with modifications. Her objections primarily focused on the court's weighing of her concerns as a fit parent and the potential risks visits posed to the child. Among other concerns, Mother argued that the court did not give the "special weight" required by *Troxel v. Granville*, 530 U.S. 57 (2000) to her wishes as a fit parent regarding the child's care and control. She also challenged the court's consideration of Father's convictions for sexual offenses against the child's siblings, who lived in the same household, and the potential harm she believed the grandparents' continued relationship with father posed to the child. The trial court conducted an independent review of the magistrate's decision and adopted it with several substantive modifications that addressed concerns raised by Mother.

{¶ 19} The primary differences between the magistrate's May 7, 2024 decision and the trial court's September 11, 2024 modified order included the following: 1) The magistrate's decision granted the grandparents one hour of phone contact twice a week, every other week, but the trial court reduced this to a single 30-minute session every other week via Zoom or telephone. 2) The magistrate's decision focused primarily on the best-interest factors, while the trial court's order explicitly incorporated the "special weight" requirement from *Troxel*, acknowledging Mother's constitutional right, as a fit parent, to make decisions regarding her child's care and control. 3) The magistrate's decision did not explicitly prohibit discussion of Father, but the trial court's order explicitly prohibited the grandparents from mentioning or discussing Father during virtual visits. 4) The magistrate's decision did not address counseling, but the trial court ordered the child to be enrolled in individual therapy and stated that the grandparents' companionship sessions should eventually be transitioned into a therapeutic setting if recommended by a professional.

{¶ 20} The trial court's substantive modifications to the magistrate's decision demonstrate that it independently evaluated and credited Mother's objections, including her constitutionally protected wishes as a fit parent under *Troxel,* rather than simply deferring to the magistrate's conclusions. Moreover, by staying visitation in light of the pending adoption, the trial court demonstrated a continued effort to balance the child's best interests with Mother's fundamental

right to control third-party access to her child, consistent with the constitutional standards articulated in *Troxel*.

{¶ 21} The later stay of the companionship time order pending the adoption proceedings further reflects the trial court's continuing effort to balance the child's best interest with Mother's wishes and concerns. The stay does not supply the independent-review requirement retroactively. Rather, it is consistent with what the September 11, 2024 entry already shows: the court was actively weighing Mother's objections and tailoring relief accordingly. On this record, the juvenile court satisfied its duty under Juv.R. 40(D)(4)(d). Mother's second assignment of error is overruled.

### C. Companionship Rights

{¶ 22} Mother's third assignment of error challenges the court's best-interest determination and the weight afforded to her wishes as a fit parent. The court was required to determine whether companionship was in the child's best interest under R.C. 3109.12 and to consider relevant factors, including those in R.C. 3109.051(D). In doing so, the court was also required to give special weight to Mother's wishes and concerns, while recognizing that the child's best interest remains the controlling consideration. Under R.C. 3109.12(A), a court may grant companionship or visitation rights to a nonparent if it finds that such contact is in the best interest of the child. In making that determination, the court must consider all relevant factors, including, but not limited to those enumerated in R.C. 3109.051(D). *In re C.W.*, 2020-Ohio-2660, ¶ 15 (9th Dist.). The court is also

required to balance the parent's wishes and the best interest of the child pursuant to *Troxel,* which recognizes a fit parent's fundamental right to make decisions concerning the care, custody, and control of their child. *Troxel v. Granville*, 530 U.S. 57 (2000).

{¶ 23} The trial court considered testimony from the grandparents, who had previously maintained a consistent and positive relationship with the child prior to Father's conviction. The court also considered Mother's objections, including her concerns about Father's criminal conduct and the grandparents' continued association with him.

{¶ 24} In doing so, the court afforded due deference to Mother's wishes regarding third-party visitation, consistent with *Troxel*, but ultimately concluded that limited, structured virtual companionship was in the child's best interest. The court, therefore, adopted the magistrate's decision with modifications.

{¶ 25} Because the record supports the trial court's best-interest determination and reflects appropriate deference to mother's constitutional rights, the court did not abuse its discretion in granting the limited virtual companionship time.

{¶ 26} We note that subsequent proceedings resulted in a stay of companionship pending adoption. That later order confirms the court's continuing attention to the child's best interest and Mother's wishes; however, our disposition of this assignment of error rests on the propriety of the September 11, 2024 judgment entry and the record supporting it.

**{¶ 27}** On this record and given the discretionary nature of best-interest determinations, the juvenile court did not act unreasonably, arbitrarily, or unconscionably in ordering limited companionship. Mother's third assignment of error is overruled.

**{¶ 28}** Judgment affirmed.

It is ordered that appellant pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR